**Ex parte Eugene L. SLAVIN, Relator.**

**No. A–11821.**

Supreme Court of Texas.

March 1, 1967.

William J. Salyer, San Antonio, for relator.

Robert Valdez, San Antonio, for respondent.

ORIGINAL WRIT OF HABEAS CORPUS

POPE, Justice

Relator, Eugene L. Slavin, brought this original habeas corpus proceeding after the district judge held him in contempt and committed him to jail for three days and until he purged himself of contempt by paying $212.00 which the court found was the amount he had not paid under a child-support order. The question presented for decision is whether the terms of the child-

support order are definite and certain enough to be enforced by contempt. Our opinion is that the order is ambiguous, and, therefore, the relator should be discharged.

Relator and his wife Gloria Slavin were divorced on February 8, 1963. The divorce decree awarded custody of the three minor children to Gloria. They were at that time aged four, nine and fourteen. The portion of the decree which ordered relator to pay support and which is in question is:

"The Defendant is further ORDERED to pay the sum of ONE HUNDRED FIFTY AND NO/100 DOLLARS ($150.00) per month for the care, support and maintenance of the three minor children until said children attain the age of eighteen years, that the Defendant, EUGENE L. SLAVIN, shall pay the sum of THIRTY-SEVEN AND 50/100 DOLLARS ($37.50) each week for the care, support and maintenance of his minor children beginning with the 7th day of February, 1963, and shall pay a like sum on the Thursday of each succeeding week thereafter, * * *."

The decree was sufficiently certain as long as all three of the children were less than eighteen years of age. Relator urges, however, that the order became reasonably subject to either one of two constructions after one of the children reached eighteen. Relator paid the monthly support of $150.00 until one year after the oldest of the three children reached eighteen. He then reduced the support payments proportionately and began paying $100.00 for the two children who were still less than eighteen. He urges that art. 4639a, § 1, Vernon's Ann. Civ.St., only authorizes a court to order a parent to make payments for the benefit "of such child or children, until same have reached the age of eighteen (18) years * * *." Relator says that by his payment of $150.00 monthly for a year after the oldest child reached eighteen, he actually paid $318.00 more than he was required by law to pay. He says this construction of the

support order is a reasonable one and is consistent with innocence.

The order is subject to another construction, one that would support the order of contempt. That construction is that the court which ordered relator to pay support intended that he would pay the fixed monthly sum of $150.00 until the youngest of the three children reached the age of eighteen. By such a construction, the father would continue to pay $150.00 to the two children beneath the age of eighteen, and when the second child reached that age, the sum would continue until the youngest child reached eighteen.

It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him. Walling v. Crane, 158 F.2d 80 (5th Cir.1946); Berry v. Midtown Service Corporation, 104 F.2d 107, 122 A.L.R. 1341 (2d Cir.1939); Lynch v. Uhlenhopp, 248 Iowa 68, 78 N.W. 2d 491 (1956); Middleton v. Tozer, 259 S.W.2d 80 (Mo.Ct.App.1953); 17 Am.Jur. 2d Contempt § 52 (1964); 17 C.J.S. Contempt § 12 (1963). The underlying reason for this rule is that:

"The rights of the parties under a mandatory judgment whereby they may be subjected to punishment as contemnors for a violation of its provisions, should not rest upon implication or conjecture, but the language declaring such rights or imposing burdens should be clear, specific and unequivocal so that the parties may not be misled thereby." Plummer v. Superior Court of the City and County of San Francisco, 20 Cal.2d 158, 124 P.2d 5 (1942).

Texas decisions hold that an order of a court, such as an "injunction decree must be as definite, clear and precise as possible and when practicable it should inform the defendant of the acts he is restrained from

doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing." San Antonio Bar Ass'n v. Guardian Abstract & Title Co., 156 Tex. 7, 291 S.W.2d 697 (1956); Villalobos v. Holguin, 146 Tex. 474, 208 S.W.2d 871 (1948). In Ex parte Kottwitz, 117 Tex. 583, 8 S.W.2d 508 (1928), the court stated the measure of certainty required to sustain the validity of a contempt order. The reasons for certainty in such an order are similar to those required of the order which one is charged with violating. The court said:

"* * * where, as in the instant case, the order does not state that the commitment is until the defendant shall do or perform certain acts in compliance with the orders of the court, but simply states in indefinite language that he is committed until he purges himself of contempt, the order is too indefinite, and is void."

In Ex parte Duncan, 42 Tex.Crim. 661, 62 S.W. 758 (1901), the court of criminal appeals reversed a contempt conviction on the grounds that the court order upon which the contempt action was based was too indefinite to be enforced. In its opinion the court said:

"* * * Where the court seeks to punish either by fine, arrest, or imprisonment for the disobedience of an order or command, such order or command must carry with it no uncertainty, and must not be susceptible of different meanings or constructions, but must be in the form of a command, and, when tested by itself, must speak definitely the meaning and purpose of the court in ordering."

In Garza v. Fleming, 323 S.W.2d 152 (Tex.Civ.App.1959, writ ref. n. r. e.), the court of civil appeals held that an order which provided that the father should pay "$100.00 per month * * * for the support of said minor children until David E. Garza shall reach his eighteenth birthday, * * *"

was certain enough for enforcement by contempt. David was the youngest of three children. The order was definite in that it made clear to the father that his payments would be the same fixed sum until David, the youngest child, reached eighteen. The order in the present case lacks that clarity. It orders, on the one hand, that the support is for "the three minor children," but, on the other, it limits the support payments by the further provision, "until said children attain the age of eighteen years." It is uncertain whether this means that relator must support his oldest child after reaching eighteen, or whether the support is to continue unreduced for the other two children, or whether the support payments should be proportionately reduced.

 The language of the support order in the present case is equivocal. When the commands of the order and the provisions of art. 4693a are read together, we are unable to say that the order can be readily understood. The ambiguity of the support order renders it unenforceable.

The relator is discharged from custody.