**Ex parte Darlene Owens SANDEFER.**

**No. 4490.**

Court of Civil Appeals of Texas, Eastland.

May 21, 1971.

Scarborough, Black, Tarpley & Scarborough, Beverly Tarpley, Abilene, Akin, Vial, Hamilton, Koch & Tubb, Dallas, Tex., for appellant.

McMahon, Smart, Sprain, Wilson & Camp, John Camp, Abilene, for appellee.

PER CURIAM.

This is a habeas corpus proceeding. Darlene Owens Sandefer and Jefferson Davis Sandefer III were divorced on June 22, 1970, in Taylor County. The divorce judgment provided that neither party should remove the children from the jurisdiction of the court unless by mutual agreement of the parties or by an order of the court. Mrs. Sandefer moved to Dallas County and took the children with her.

Mr. Sandefer filed a motion asserting that the children were moved out of the court's jurisdiction in violation of said judgment and asked that she be punished for contempt. He asserts that Mrs. Sandefer "knowingly and wilfully and without justification or excuse, when she could

have and should have done otherwise, did remove Julie Ann Sandefer and Laurie Jean Sandefer, who are still minors, from Taylor County, Texas to 13536 Waterfall Way, Richardson, Texas, which is in Dallas County, Texas, and keeps them there where they presently reside." He also alleges she did this on October 1, 1970 and January 4, 1971.

In holding Mrs. Sandefer in contempt, the judgment recites that the acts of Mrs. Sandefer in taking the children to her home in Dallas County were in violation of that part of the divorce judgment which provides:

"(d) The minor children shall remain permanently within the jurisdiction of this Court and neither party shall remove said children from the jurisdiction of this Court unless by mutual agreement of the parties or further order of the Court."

We find that Mrs. Sandefer did not remove the children from the jurisdiction of the court and the divorce judgment does not prohibit her from removing the children from Taylor County.

The Court of Domestic Relations of Taylor County was created by Article 2338-17 V.C.S. Respondent's contention that such statute limited the jurisdiction of the court to the geographical boundaries of Taylor County can not be sustained.

We find that such court has concurrent jurisdiction with the District Courts in Taylor County in all cases involving divorce and custody and support of minor children involved therein.

In Ex parte Slavin, Tex., 412 S.W.2d 43, the Supreme Court of Texas said:

"It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so

that such person will readily know exactly what duties or obligations are imposed upon him. * * * The underlying reason for this rule is that:

'The rights of the parties under a mandatory judgment whereby they may be subjected to punishment as contemnors for a violation of its provisions, should not rest upon implication or conjecture, but the language declaring such rights or imposing burdens should be clear, specific and unequivocal so that the parties may not be misled thereby.' Plummer v. Superior Court of the City and County of San Francisco, 20 Cal.2d 158, 124 P.2d 5 (1942)."

The relator is ordered discharged.