Ex parte Jimmie L. TURNER, Relator.

No. A2146.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 18, 1979.

John Emmett Crow, Pasadena, for appellant.

Don O. Harper, Houston, for appellee.

Before MILLER, PRESSLER and SALAZAR, JJ.

SALAZAR, Justice.

Relator, Jimmie L. Turner, petitions this Court to exercise its original jurisdiction by issuing a writ of habeas corpus. Relator contends that he is illegally restrained pursuant to a void commitment order issued on March 27, 1979, after a finding by the trial court that Relator was in contempt for failing to comply with certain terms and conditions of a divorce decree.

The pertinent portion of the divorce decree stated as follows:

> The Court further finds that the Respondent has a retirement income from the DEPARTMENT OF THE ARMY, and that the calculated interest of the parties is as follows: The community interest is 17/22 interest in husband's retirement income, the wife's community interest in said retirement at this time, with the withholding of insurance deductions, is the sum of $175.44 per month.
>
> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that said retirement check or checks be made payable to the Petitioner, SUSANNE E. TURNER, or that she, upon receiving the check/checks, shall have the AUTHORITY and is hereby authorized to endorse same, retain the sum of $175.44 as her community interest per month and pay to herself as the Managing Conservator of the three minor children the sum of $200.00 monthly for such support, the husband's community interest being $278.56 from which such support shall be deducted and the balance of the check proceeds paid over by her to JIMMIE L. TURNER.

The trial court at the hearing on the motion for contempt found Relator guilty of contempt for failure to pay child support as previously ordered, assessed the arrears at $4,675.00, and committed Relator to thirty (30) days in jail, all of which may be purged by paying the arrearage and court costs of $147.00. The court further found Relator guilty of contempt for failure to pay to Susanne E. Turner one-half of 17/22 of Relator's retirement benefits, assessed these arrears at $4,912.32 and fined Relator $100.00.

Relator, Jimmie L. Turner, and the petitioner in the divorce, Susanne E. Turner, both testified at the hearing on the motion for contempt. Their divorce had been granted on December 7, 1976. The Relator's retirement checks were sent to Susanne E. Turner for the first two or three months following the divorce. She then moved out of state whereupon the Department of the Army forwarded and continued to forward the checks to Relator.

The decree did not order Relator to make the child support payment and payment for Susanne E. Turner's interest in Relator's retirement benefits directly to Susanne E. Turner every month. Instead, the decree ordered payment of the retirement checks from the Department of the Army to Susanne E. Turner as the named payee from which she was to deduct the appropriate amounts for child support and her community interest in Relator's retirement benefits. She was then to pay the balance over to Relator.

The Supreme Court of Texas in *Ex parte Slavin* held that for a person to be found in contempt for disobeying a court decree, such a decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know what duties or obligations are imposed upon him. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967). Here the trial court made no provision for any affirmative action on the part of Relator. The order states the Department of the Army was to make the payments to Susanne E. Turner. It is apparent to this writer that Relator was the mere recipient of the balance of the retirement benefits after Susanne E. Turner withdrew the amount for child support and her community share of the retirement benefits. The order of commitment asserts that the contempt is predicated upon a prior order to make the payments when there is in fact no such order. The decree relative to these payments is uncertain, ambiguous, unclear and calls for an inference as to what, if any, obligation the Relator had in this respect.

We hold that the record does not disclose that Relator violated an order of the trial court stated in clear and specific terms in the divorce decree, and there was no basis for holding him in contempt. It is therefore the order of this Court that Relator be discharged from custody.