**Ex parte Byron Lynn WALKER.**

**No. 07–87–0173–CV.**

Court of Appeals of Texas, Amarillo.

Sept. 11, 1987.

Rehearing Denied Oct. 23, 1987.

Jim B. Brown, Canyon, for relator.

Charles L. Rittenberry, Amarillo, for party in interest.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Relator Byron Lynn Walker brings this original habeas corpus action to be relieved from the ninety-days confinement adjudged for contempt when he failed to comply with a support order. Relator contends the support order is too unclear, unspecific, and ambiguous to support an order of contempt. For the following reasons, relator's contention will be rejected and habeas corpus relief will be denied.

Eugenia Montgomery Walker, managing conservator of the minor child, Benjamin R. Walker, the issue of the former marriage of Eugenia and relator, moved the district court to hold relator in contempt of court for his failure to make monthly support payments of $450 for the months of January, February, March, and April of 1987 as ordered in a modified divorce decree. In the decree it was ordered that relator

shall pay to EUGENIA MONTGOMERY WALKER child support of $450 per month, with the first payment being due and payable on November 15, 1986, and a like installment being due and payable on the same day of each month thereafter until the child is cured of cancer or for

the rest of BENJAMIN R. WALKER'S natural life.

Following an evidentiary hearing, the court, disagreeing with relator's assertion that he "didn't have the money" as his reason for nonpayment, found that relator was able to pay on each due date, and that each failure to pay was a separate contempt. Thereupon, the court, adjudging relator in contempt, assessed his punishment at confinement in the Potter County jail for a period of 22½ days for each contempt, a total of ninety days.

After the hearing and before the date fixed for commencement of relator's confinement, he paid the child support arrearage and the then current payment. This Court permitted relator to remain at liberty on bond pending a decision in his habeas corpus action.

■ Relator maintains that the judgment of contempt and the commitment order are void because the order to pay child support "until the child is cured of cancer" is so unclear, unspecific and ambiguous that it cannot form the basis for an order of contempt and commitment. This results, he argues, because the order he allegedly violated is definitely open to implication and conjecture and gives rise to many questions, thereby failing to comply with the mandate of *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967), that "for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties and obligations are imposed upon him." *Id.* at 44.

The *Slavin* principle is, of course, a valid one, and its application to the support order in this cause would render the order unclear, unspecific, and ambiguous if, as relator envisions, it became appropriate to inquire whether the child was cured of cancer, as well as in some other conceivable circumstances. Nevertheless, the issue is not whether the order may be uncertain in some circumstances, for "one may not place a questionable or technical construction upon an order and then act upon that construction with impunity." *Edrington v. Pridham*, 65 Tex. 612, 617 (1886); *Ex parte Karr*, 663 S.W.2d 534, 537 (Tex.App. —Amarillo 1983, no writ). Rather, the issue is whether the order is sufficiently certain so that relator readily knows the obligation imposed upon him at the time for compliance.

The support order relator was adjudged to have violated obligates him to make monthly payments until the child is cured of cancer or dies, whichever event occurs first. The modified decree containing the support order includes a finding by the court that the minor child "has been diagnosed as having, and is being treated for, cancer, and that as a result of said cancer he requires continuous care and personal supervision and will not be able to support himself." Relator neither questions the finding nor suggests that the child was dead or was cured of the cancer during any of the periods of time relator failed to timely make the payments ordered.[1] Indeed, relator does not claim that his present obligation under the order was unknown. In these circumstances, it is recognized that a support order is sufficiently certain as long as an event giving rise to a latent ambiguity has not occurred. *Ex parte Slavin, supra,* at 44.

Thus, under the existing circumstances, the child support order is sufficiently certain as long as the event of the child's cure of cancer or his death has not occurred.[2] Since neither event had happened at the

---

1. There is record evidence that a year or so before relator violated the order, the child was the subject of a cancer poster which carried these statements: "Six-year old Benjamin Walker is one of the reasons we are celebrating. Benjamin was diagnosed with stage four ryblomyosarcoma less than a year ago. Now, there is no evidence of cancer. Benjamin continues chemotherapy here at home at the Harrington Cancer Center." However, it was explained that the disease was only in remission at the time and it subsequently reappeared.

2. By brief and on submission, this Court was informed that the trial court deferred the date of relator's confinement because of the impending death of the child, who died before relator's scheduled commitment.

time relator violated the support order, it follows that the order was definite and certain enough to be enforced by contempt.

Accordingly, the habeas corpus relief sought by relator is denied, and relator is remanded to the custody of the Sheriff of Potter County.

### ON MOTION FOR REHEARING

With a combined amended motion for rehearing and motion to vacate sentence, relator presents two points of error. The first point is relator's reiteration of his sole contention on original submission that the support order is too unclear, unspecific, and ambiguous to support the judgment of contempt. Adhering to our original decision adverse to relator's contention, we overrule the first point.

Relator's second-point contention, submitted for the first time on rehearing and without supporting authority, is that this Court no longer has jurisdiction of the cause because the child died on 13 June 1987, thereby terminating the support order and voiding the judgment of contempt. Although the lack of jurisdiction is only now presented, the question of jurisdiction is fundamental and can be raised at any time. *Tullos v. Eaton Corporation,* 695 S.W.2d 568 (Tex.1985). However, the contention is unavailing.

At the time the court adjudged relator in contempt, the support order was a subsisting one, for the child was then alive. The later death of the child did not terminate relator's liability for the support payments ordered to be made prior thereto; the death merely terminated relator's obligation to make support payments thereafter. Indeed, the trial court retained jurisdiction to enter a contempt order so long as a motion therefor was filed within six months after relator's support obligation terminated upon the death of the child. Tex.Fam.Code Ann. § 14.40(b)(2) (Vernon 1986). *See Ex Parte Wilbanks,* 722 S.W.2d 221, 223–24 (Tex.App.—Amarillo 1986, orig. proceeding). And, of course, this Court has jurisdiction over any cause of which the district court had jurisdiction. Tex.

Const. art. V, § 6. The second point is overruled.

Accordingly, relator's amended motion for rehearing and motion to vacate sentence are overruled.