**Ex parte Lloyd CLARK, Jr., Relator.**

**No. 01–91–00141–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 18, 1991.

C. Wayne Holder, Freeport, for relator.

Jody S. Kozloski, Galveston.

Before O'CONNOR, DUGGAN and MIRABAL, JJ.

## OPINION

O'CONNOR, Justice.

■ Relator, Lloyd Clark, Jr., seeks habeas corpus relief. Relator is free on a personal recognizance bond following his confinement for contempt of a child support order. Relief for a person subject to the restrictions of a personal recognizance bond is available through a petition for writ of habeas corpus. *Ex parte Trillo,* 540 S.W.2d 728, 731 (Tex.Crim.App.1976).

On July 11, 1988, Toni Funk brought an action for reciprocal enforcement of a child support order in a Louisiana court. The Louisiana court certified the petition to a county court of Galveston County, Texas. The attorney general's office, on behalf of the real party in interest, Toni Funk, filed a petition in County Court at Law Number 2, Galveston County, Texas, seeking child support enforcement and assignment of relator's wages. On January 25, 1989, after a hearing, a master made a docket entry that required relator to pay $350 per month child support. On February 8, 1989, the attorney general's office filed notice of appeal of the master's ruling. On February 22, 1989, without notice to relator, the trial court heard the appeal, and on March 2, 1989, signed an order, ordering relator to pay child support of $990 per month. On the same day, the court ordered the master's report adopted, "per order filed," even though the master's report ordered relator to pay the lesser amount of $350 per month.

Relator has paid $350 every month as ordered by the master's report adopted by the court. The attorney general's office filed a motion to enforce the $990 per month child support order, and on January 25, 1991, the court found relator in contempt for failure to pay monthly that amount of child support. The court found the arrearage to be $8,900, which it reduced to judgment in favor of the attorney general. The court ordered relator confined for 180 days, beginning January 25, 1991, but allowed relator to remain free on personal recognizance bond.

■ The attorney general's office concedes that the writ of habeas corpus should issue because the trial court signed concurrent orders in this cause that can be interpreted as setting two different amounts of child support. We agree. In *Ex parte Slavin,* 412 S.W.2d 43, 45 (Tex.1967), the court quotes the Court of Criminal Appeals in *Ex parte Duncan,* 42 Tex.Crim. 661, 62 S.W. 758, 760 (App.1901):

'Where the court seeks to punish either by fine, arrest, or imprisonment for the disobedience of an order or command, such order or command must carry with it no uncertainty, and must not be susceptible of different meanings or constructions, but must be in the form of a command, and, when tested by itself, must speak definitely the meaning and purpose of the court in ordering.'

412 S.W.2d at 45.

In this case, there were two separate orders, signed by the court the same day, ordering relator to pay two different amounts of monthly child support. This created uncertainty concerning the meaning of the court's order that ordered relator to pay $990 per month. Because of the uncertainty of the order upon which the court's finding of contempt rests, we find the trial court's restraints on relator illegal, grant the relief requested in relator's petition for writ of habeas corpus, and **ORDER** relator **discharged** from his personal recognizance bond and any restraints currently placed against him by the trial court. *See Ex parte Slavin,* 412 S.W.2d at 45 (court ordered relator discharged from custody where underlying order lacked clarity concerning amount of monthly child support to be paid).