**Janice Kay ALLEN, Appellant,**

v.

**Travis G. BLACKWELL, Appellee.**

**No. 10–93–064–CV.**

Court of Appeals of Texas, Waco.

Dec. 1, 1993.

David B. Britt, Waco, for appellant.

Lynn W. Malone, McDonald & Malone, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

**OPINION**

VANCE, Justice.

Janice Allen and Travis Blackwell were divorced on August 18, 1982. Allen was appointed managing conservator of their two children, Lisa and Rachel. Blackwell was ordered to pay child support of $200 per month. On April 15, 1986, Blackwell was named managing conservator of Lisa, and his support obligation was reduced to $100 per month. On April 12, 1988, Blackwell was also named Rachel's managing conservator and, the parties agree, his support obligation terminated entirely.

On May 8, 1991, Allen filed a motion to modify, seeking to be named managing conservator of Rachel and to have Blackwell pay child support for her. On August 24, 1992, Allen filed a supplemental motion and sought for the first time to have an arrearage of $16,400 for the years 1982 through 1992 reduced to judgment. The court determined that it lacked jurisdiction to reduce the un-

paid support payments to judgment because more than four years had elapsed since April 15, 1986—the date Blackwell had been named Lisa's managing conservator, thus terminating his support obligation as to Lisa. Also, more than four years had elapsed since April 12, 1988—the date he had been named Rachel's managing conservator and his support obligation as to Rachel terminated.

Lisa was born on July 11, 1971, and became an adult on July 11, 1989. Rachel was born on November 15, 1981, and had not attained the age of majority at the time the motion to reduce the unpaid support to judgment was filed.

In a single point of error, Allen contends that section 14.41(b) of the Family Code should be interpreted to allow an obligee of a support obligation four years from *either* the date on which the child becomes an adult *or* the date on which the support obligation terminates. *See* TEX.FAM.CODE ANN. § 14.-41(b) (Vernon Supp.1993). If we were to accept this interpretation, her motion would be timely because it was filed within four years after Lisa became an adult and because Rachel is still under eighteen years of age.

Section 14.41(b) states:

Time Limitations. The court may not confirm the amount of child support in arrears and may not enter a judgment for unpaid child support payments that were due and owing more than 10 years before the filing of the motion to render judgment under this section. The court retains jurisdiction to enter judgment for past-due child support obligations if a motion to render judgment for the arrearages is filed within four years after

(1) the child becomes an adult; or

(2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

Section 14.41(b) contains two limitations on the right of a child-support obligee to enforce payment of past-due child support. *Id.* It imposes a ten-year limitation on past-due obligations, dating backward from the date the motion is filed, and it imposes a jurisdictional requirement by denying the court jur-

isdiction to entertain such a motion that is not filed within four years of the applicable date. *Id.* The section is generally regarded as both (1) assuring that some time period is allowed after a support order terminates during which the obligee can seek a judgment for unpaid support and (2) imposing time limits on the obligee's right to compel past-due payments. John J. Sampson, *Title Two, Parent and Child,* 17 TEX.TECH L.REV. 1065, 1208 (1986); John J. Sampson, *Chapter 14: Conservatorship, Possession, and Support of Children,* 21 TEX.TECH L.REV. 1323, 1461–62 (1990).

Because the general rule is that a support obligation terminates when the child attains the age of eighteen, we interpret the applicable part of section 14.41(b) to mean:

(b) Time Limitations.... The court retains jurisdiction to enter judgment for past-due child support obligations if a motion to render judgment for the arrearages is filed within four years after:

(1) the child becomes an adult; or [*if for any reason the support order terminates on any other date,*]

(2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

*See* TEX.FAM.CODE ANN. § 14.41(b).

We are persuaded that this is the correct interpretation for three reasons. First, this interpretation allows a "just and reasonable" result. *See* TEX.GOVT.CODE ANN. § 311.021(3) (Vernon 1988). Second, a corresponding section of the Family Code imposing time limits on enforcement of support obligations by contempt has been so interpreted. TEX.FAM. CODE ANN. § 14.40(b) (Vernon 1986); *Ex parte Walker,* 739 S.W.2d 415, 417 (Tex. App.—Amarillo 1987, no writ). Finally, because the Family Code now allows a court to order child support for disabled children over the age of eighteen, this interpretation does not shorten the time to file a motion to reduce unpaid support payments to judgment when those payments were not due until after the child became an adult. TEX.FAM. CODE ANN. § 14.051 (Vernon Supp.1993).

Because the court correctly interpreted section 14.41(b) as depriving it of jurisdiction

110

to reduce the arrearages to judgment, we affirm. *See id.* § 14.41(b).