IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00220-CV

 

In re
Karen Carlisle, et al

 

 



Original Proceeding

 



MEMORANDUM Opinion



 








          Relator’s
petition for writ of mandamus is denied.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before Chief Justice
Gray,

          Justice Vance,
and

          Justice Reyna

(Justice Vance
dissenting)*

Petition denied

Opinion delivered and
filed May 25, 2005

[CV06] 

 

          * “(Justice
Vance would request a response from the Real Party in Interest.  Tex. R. App. P. 52.4).”






 contempt motion is based; insufficiency of the allegations contained in the motion for
contempt; and failure of the order to comply with the Family Code. Because we find that the two
prior orders are not sufficiently specific, we grant the application.
      The test of the certainty required of an order enforceable by contempt is that it must spell out
the details of compliance in clear, specific, and unambiguous terms so that the person affected by
the order will readily know exactly what obligations are imposed on him. Ex parte Shelton, 582
S.W.2d 637, 638 (Tex. Civ. App.—Dallas 1979, orig. proceeding) (citing Ex parte Slavin, 412
S.W.2d 43, 44 (Tex. 1967)).
      The Agreed Decree of Divorce, dated September 3, 1982, provided that Brown shall maintain
"in full force and effect the major medical and health insurance coverage that now insures the
parties' child through his group plan with his employer." It further provides:
In the event that [Brown] terminates his employment, he is ordered to convert the policy
covering the minor child to insurance equal to the present coverage and maintain said
insurance until the child reaches the age of 18 or is otherwise emancipated.
Although Brown's employment changed, the parties dispute the meaning of the phrase "terminates
his employment"—one contending that it means only a voluntary termination and the other that
it means any job change. Using the questions posed by the Dallas court in Shelton, it is apparent
that this order fails the test. See id.
      A 1987 modification of the divorce decree provides: "IT IS ORDERED that [Brown] and
[Hilbert] shall equally pay all health care expenses not paid by insurance that are incurred by or
behalf of the parties' children." Again, posing the questions from Shelton, we find that the order
lacks sufficient specificity. See id.
      The application for writ of habeas corpus is granted.
      Brown also complains that the court had no authority to reduce the unpaid sums to judgment. 
That contention, however, is beyond the scope of our inquiry on an application for writ of habeas
corpus, which is limited to a determination of whether the order of commitment is void. See Ex
parte Thetford, 369 S.W.2d 924, 925 (Tex. 1963). Thus, we do not address the validity of the
order as a judgment for "uninsured health care expenses," "breach of contract," attorney's fees,
and costs.


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Application for writ of habeas corpus granted
Opinion delivered and filed November 17, 1993
Do not publish