COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-335-CV

 

 

IN THE INTEREST OF A.M., 

A CHILD                                                                                             

                                                                                                        

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Maureen M. appeals the trial
court=s order clarifying a prior possession or access order.  We reverse and remand.

In 2002, a New York family
court entered an order granting Katharine M. sole custody of her son, A.M., and
granting A.M.=s maternal
grandmother, Maureen M., four visitation periods per year.  Specifically, the order provided the
following visitation schedule:








 

ORDERED,
that three of the four visits will take place in the Dallas, Texas area, and it
is further

 

. . .
.

 

ORDERED,
that two of the visits in the Dallas, Texas area will be of a four day duration
and will include at least one overnight visit as can be agreed, and the return
time during the non overnight visit time will be 9:00 p.m. on nights where
there is no school the next day and 7:30 p.m. if there is school the next day
and it is further

 

ORDERED,
that of the three visits in the Dallas, Texas area, one visit will be of a one
week duration and will include two non-consecutive overnights with the return
time on the non overnight days to be 9:00 p.m. on nights where there is no
school the next day and 7:30 p.m. if there is school the next day and it is
further

 

ORDERED,
that one of the four yearly visits will take place in the Buffalo, New York
area . . . and it is further

 

ORDERED,
that the visit in the Buffalo, New York area will be of a minimum four day
duration and will include at least one overnight visit and the return time on
days of a non overnight visit will be 9:00 p.m. on nights where there is no
school the next day and 7:30 p.m. if there is school the next day and it is
further

 

. . .
.

 

ORDERED
that all visits will be made upon at least 30 days notice by the party that
will be traveling from out of town . . . . 

 

Both parties
have since moved to Texas.    








In 2005,
Maureen registered the New York order in Denton County and moved to enforce the
order, claiming that Katharine had failed to provide Maureen with visitation,
access, and contact information.  Maureen
sought to have Katharine held in contempt for violating the New York order and,
alternatively, asked the trial court to enter a clarifying order if it found
the New York order to be unenforceable by contempt.[2]


After
hearing evidence, the trial court ruled that the New York order was not
specific enough to be enforceable by contempt and signed a clarification order
on July 5, 2006, from which Maureen appeals.[3]  The pertinent provisions of the clarifying
order are as follows:

(c)     Possession Schedule

 

Except as otherwise
explicitly provided in this Possession Order Maureen [M.] shall have the right
to possession of the child as follows:

 

1.  Four periods of possession shall take place
each calendar year upon thirty days written notice to Katharine [M.] beginning
Saturday at 9:00 a.m. and ending on the following Sunday at 6:00 p.m. during
the school year and beginning Friday at 9:00 a.m. and ending on the following
Sunday at 6:00 p.m. during the summer with the exception of Christmas vacation,
Thanksgiving vacation, and Mother=s Day weekend not to exceed
more than one period of possession a month. 

 

(d)    General Terms and
Conditions








 

Except as otherwise
explicitly provided in this Possession Order, the terms and conditions of
possession of the child that apply regardless of the distance between the
residence of a conservator and the child are as follows:

 

1.  Surrender of Child by Katharine [M.] B
Katharine [M.] is ORDERED to surrender the child to Maureen [M.] at the
beginning of each period of Maureen [M.]=s possession at the Lewisville
Police Department located at 184 North Valley Parkway, Lewisville, Texas 75067.

 

2.  Surrender of Child by Maureen [M.] B
Maureen [M.] is ORDERED to surrender the child to Katharine [M.] at the
Lewisville Police Department, located at 184 North Valley Parkway, Lewisville,
Texas 75067, at the end of each period of possession.

 

In two
issues, Maureen contends that the trial court abused its discretion in issuing
the clarifying order because the New York order for possession and access to
A.M. was specific, unambiguous, and enforceable by contempt.  She further contends that the clarification
order substantively changed her possession and visitation rights in a manner
prohibited under the Texas Family Code.








Under the
Full Faith and Credit Clause of the United States Constitution, Texas courts
must recognize and enforce facially valid orders entered in other states.[4]  A foreign order is subject to the same
procedure for enforcement as if it originated in a Texas court.[5]  Texas courts Amay clarify@ such an
order under section 157.421(a) of the family code if Athe order is not specific enough to be enforced by contempt.@[6]  

To be
enforceable by contempt in Texas, a judgment or order must set out the
requirements for compliance in clear, specific, and unambiguous terms.[7]  Ambiguity exists when a document is uncertain
or reasonably susceptible to more than one meaning.[8]  Ambiguities may exist in an order as drafted
or may be created by the passage of time and the parties= subsequent actions.[9]  








In
clarifying a final order pursuant to section 157.421(a) to make it enforceable
by contempt, however, a court may not make substantive changes to the order.[10]  Under section 157.423(b) of the family code, Aa substantive change made by a clarification order is not enforceable.@[11]  








When
reviewing a clarification order to determine whether changes made by the trial
court to an order constitute a Asubstantive change@ within the meaning of section 157.423(b), we may look to principles
governing similar proceedings.[12]  Like clarification orders, judgments nunc pro
tunc cannot substantively change a final order.[13]  A substantive change occurs when a judicial
error is corrected because such an error results from judicial reasoning and
determination.[14]  However, A[w]henever the judgment entered by the court incorrectly records the
judgment rendered, the error is clerical, so long as a product of judicial
reasoning is not involved.@[15]  The correction of a clerical
error, therefore, does not effect a substantive change.[16]  Whether an error is clerical or judicial is a
question of law.[17]








In this
case, the trial court concluded that the visitation and possession provisions
of the New York order are ambiguous and, therefore, not enforceable by
contempt.  We agree.  The New York order provides that Maureen will
have four visits per year with A.M. of different durations ending at 9:00 p.m. Awhere there is no school the next day,@ and at 7:30 p.m. on evenings preceding a school day.  The order, however, does not specify a
beginning time for the visits, nor does it contain provisions for the surrender
of A.M. before and after visits. 
Moreover, while the New York order contemplates that the parties Awill endeavor to work out a summer and Christmas time visit in the
year 2002,@ it provides
no schedule for such visits after 2002. 
Because the New York order=s requirements for visitation and surrender of A.M. are vague,
unclear, and ambiguous, we hold that the trial court did not abuse its
discretion in attempting to clarify these portions of the New York order.  Maureen=s first issue is overruled.

In
attempting to clarify the order, however, the trial court made changes that
substantially reduced Maureen=s visitation time with A.M. 
Under the New York order, Maureen had a minimum of nineteen days of
visitation each year, and she was allowed to visit A.M. during the Christmas
and Thanksgiving holidays on notice to Katharine.  The trial court=s clarifying order, however, gives Maureen only eight to twelve days
of possession each yearCdepending
upon whether the visits occur during the school year or during the summerCand it does not allow visitation during the Christmas and Thanksgiving
holidays.  We hold that these are
substantive changes to the New York order that are prohibited by section
157.423(b) of the family code.  We,
therefore, hold that the trial court abused its discretion in making such
changes to the New York order.[18]  Maureen=s second issue is sustained.








For these
reasons, the judgment is reversed and the case is remanded to the trial court
for further proceedings consistent with this opinion.

 

PER CURIAM

PANEL A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED:  September 13, 2007                         











[1]See Tex. R. App. P. 47.4.





[2]Maureen
also sought more regular visitation with A.M., extra visitation to make up for
time missed, and attorney=s
fees. 





[3]After
the case was submitted for our consideration, we ordered the parties to mediate
the dispute.  The mediation, however, was
unsuccessful. 





[4]Mitchim
v. Mitchim, 518 S.W.2d 362, 364 (Tex. 1975); In re
G.L.A., 195 S.W.3d 787, 793 (Tex. App.CBeaumont 2006, pet. denied);
see U.S. Const. art. IV, ' 1 (AFull
Faith and Credit shall be given in each State to the public Acts, Records, and
judicial Proceedings of every other State.@). 





[5]Tex. Civ. Prac. & Rem. Code Ann. ''
35.001, 35.003 (Vernon 1997) (providing together that a filed foreign order has
the same effect and is subject to the same procedures for enforcing as a
judgment of the court in which it is filed).





[6]Tex. Fam. Code Ann. '
157.421(a) (Vernon 2002); see In re A.C.B., 103 S.W.3d 570, 577 (Tex.
App.CSan
Antonio 2003, no pet.).





[7]E.g.,
Ex parte Brister, 801 S.W.2d 833, 834 (Tex. 1990); Ex parte Reese,
701 S.W.2d 840, 841B42
(Tex. 1986); Ex parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967).





[8]Ex
parte MacCallum, 807 S.W.2d 729, 730 (Tex. 1991).





[9]See
Slavin, 412 S.W.2d at 43B45.





[10]Tex. Fam. Code Ann. '
157.423(a).  





[11]Id. ' 157.423(b); A.C.B.,
103 S.W.3d at 577.





[12]Dickens
v. Willis, 957 S.W.2d 657, 659 (Tex. App.CAustin
1997, no pet.) (noting that we may look to judgments nunc pro tunc to
illuminate the meaning of the words Asubstantive change@ in
section 157.423 of the family code); see In re Mack, No. 02-07-00123-CV,
2007 WL 1776057, at *1 (Tex. App.CFort Worth June 20, 2007, no
pet.) (mem. op.) (noting that a nunc pro tunc entry may be made to correct a
judgment to reflect the trial court=s actual ruling but not to
modify provisions of a previous order or correct a judicial error); In re
Hamilton, 975 S.W.2d 758, 762 (Tex. App.CCorpus Christi 1998, pet.
denied) (holding that the trial court=s order properly clarified
party=s
obligations and corrected erroneous entry of an unenforceable order).





[13]Hamilton, 975
S.W.2d at 762; Dickens, 957 S.W.2d at 659.





[14]Dickens, 957
S.W.2d at 659.





[15]Id.
(quoting Nolan v. Bettis, 562 S.W.2d 520, 522 (Tex. Civ. App.CAustin
1978, no writ)).





[16]Id.





[17]Mack,
2007 WL 1776057, at *1; Dickens, 957 S.W.2d at 659.





[18]See Tex. Fam. Code Ann. '
157.423(b); Dikeman v. Snell, 490 S.W.2d 183, 185B87
(Tex. 1973) (holding nunc pro tunc order that called for a fence to be built,
as did original order, but also changed several specifications of the fence,
such as its thickness, building material, and direction was void because it
sought to readjudicate or correct judicial error); In re Marriage of
McDonald, 118 S.W.3d 829, 832 (Tex. App.CTexarkana 2003, pet. denied)
(setting out abuse of discretion standard of review for clarifying orders); A.C.B.,
103 S.W.3d at 578 (reversing clarification order that awarded one party
additional relief not contained in original order).