

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00360-CV

IN RE B.L.                                                                            RELATOR

----------

## ORIGINAL PROCEEDING
## TRIAL COURT NO. 233-515485-12

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In his petition for writ of habeas corpus, Relator B.L. (Husband) complains about, among other things, a January 5, 2016 order of commitment commanding that he be confined in jail for 150 days or "until further order of the Court," a February 17, 2016 order for a capias warrant to be issued against him, and a capias warrant issued February 17, 2016. For the reasons explained below, we

---

[1]*See* Tex. R. App. P. 47.4.

will grant the petition for writ of habeas corpus in part and declare the above-mentioned order of commitment, order for a capias, and the issuance of a capias void. All other relief sought in Husband's petition for writ of habeas corpus is denied.

## II. PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2014, Husband and Real Party in Interest, C.Y. (Wife), entered into an agreed decree of divorce. That decree included several provisions that placed limitations on Husband's ability to contact Wife. On March 4, 2015, the trial court entered an order finding that Husband had violated the decree by contacting Wife in a manner that violated the terms and conditions of the decree.[2] On January 5, 2016, the trial court entered an order of commitment authorizing a sheriff or constable to seize Husband and keep him in jail "until he serves one hundred and fifty (150) days, or until further order of the Court." On February 17, 2016, the trial court entered an order for capias directing the clerk to issue a capias warrant against Husband. The clerk issued a capias warrant on February 17, 2016, although Husband has not been incarcerated pursuant to the capias warrant.

---

[2]As reflected in that order, Husband pleaded "true" and "guilty" to eighty-seven separate violations of the decree.

2

### III. OUR JURISDICTION

Wife contends that we lack jurisdiction because Husband is not restrained in his liberty. Husband counters that while he has yet to be taken into custody, the capias issued for his arrest constitutes a sufficient restraint in his liberty to confer us with habeas jurisdiction.

Our original jurisdiction to grant habeas relief derives from section 22.221(d) of the Texas Government Code, which provides in relevant part:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is retrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.

Tex. Gov't Code Ann. § 22.221(d) (West 2004).

Restraint of liberty is not limited to situations of actual incarceration. *See, e.g., Ex parte Brister*, 801 S.W.2d 833, 835 (Tex. 1990) (orig. proceeding) (holding that probated sentence conditioned on payment of fees, participation in outpatient counseling, submission to house arrest, and electronic monitoring constituted sufficient restraint in liberty to confer habeas jurisdiction); *Ex parte Williams*, 690 S.W.2d 243, 244 (Tex. 1985) (orig. proceeding) (holding that relator who was released from jail on condition that he post bond and prosecute appeal was sufficient restraint in liberty to confer habeas jurisdiction); *Ex parte Duncan*, 796 S.W.2d 562, 564 (Tex. App.—Houston [1st Dist.] 1990, orig.

proceeding) (holding that probated sentence conditioned upon seeing probation officer and not traveling outside county was sufficient restraint in liberty to confer habeas jurisdiction).

Several of our sister courts have held that the issuance of a capias is a sufficient restraint of liberty to confer habeas jurisdiction even when the applicant is not incarcerated. *See, e.g.*, *In re Bourg*, No. 01-08-00618-CV, 2008 WL 3522241, at *2 (Tex. App.—Houston [1st Dist.] Aug. 12, 2008, orig. proceeding) (mem. op.) ("Issuance of a capias is a sufficient restraint of liberty to justify habeas corpus relief."); *In re Aguilera*, 37 S.W.3d 43, 47 (Tex. App.—El Paso 2000, orig. proceeding) (same); *see also In re Edwards*, No. 01-13-00202-CV, 2014 WL 3738056, at *2 (Tex. App.—Houston [1st Dist.] July 29, 2014, orig. proceeding) (mem. op.) ("Here, we conclude that Edward's liberty is restrained because a writ of commitment for his arrest has been issued and is outstanding."). We agree with our sister courts that the issuance of a capias is a sufficient restraint of liberty to confer us with habeas jurisdiction. Because a capias has been issued here against Husband, we have jurisdiction over his petition for writ of habeas corpus.[3]

---

[3]Wife has filed a motion to dismiss for want of jurisdiction, arguing that we lack jurisdiction because Husband is not restrained in his liberty. For the reasons stated above, we have habeas jurisdiction in this case, and accordingly, we deny Wife's motion.

4

## IV. The Order of Commitment, Order for Capias, and Issuance of Capias

Husband argues that the January 5, 2016 order of commitment is void because it is ambiguous as to the terms of his confinement. He argues that because the order authorizes him to be jailed for 150 days "or until further order of the Court," it "creates an ambiguity that prevents [him] from determining when he may achieve release from incarceration." Likewise, Husband argues that the February 17, 2016 order for capias and the February 17, 2016 issuance of the capias—both of which stem from the order of commitment—are also void.

A commitment order "must carry with it no uncertainty, and must not be susceptible [to] different meanings or constructions, but must be in the form of a command, and when tested by itself, must speak definitely the meaning and purpose of the court in ordering." *In re Broussard*, 112 S.W.3d 827, 835 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (quoting *Ex parte Slavin*, 412 S.W.2d 43, 45 (Tex. 1967)). In *Broussard*, a commitment order stated that the relator was to remain in jail for 180 days, served in 48-hour increments, until "further order of this Court." *Id.* at 837–38. The court of appeals held the order was "susceptible [to] different meanings" due to, on the one hand, the language that called for incarceration of 180 days, and on the other hand, the language calling for incarceration until "further order of this Court." *Id.* at 838. Because the language in the order "create[d] an ambiguity that prevent[ed] relator from determining when he may achieve release from incarceration," the court of

5

appeals held that the provision was void and granted his petition for writ of habeas corpus. *Id.* at 838–39.

Here, the order of commitment, like the commitment order in *Broussard*, is susceptible to different meanings because it calls for incarceration of 150 days, on the one hand, but also calls for incarceration "until further order of the Court," on the other hand. We agree with Husband that the order of commitment contains an ambiguity that prevents him from determining when he may achieve release from incarceration. Accordingly, we hold that the order of commitment, as well as the order for capias and issuance of capias that stemmed from the order of commitment, are void. *See id.*

## V. CONCLUSION

Accordingly, we grant the relief sought by Husband in his petition for writ of habeas corpus to the extent we declare the January 5, 2016 order of commitment, the February 17, 2016 order for capias, and the capias issued on February 17, 2016 void. All other relief sought in Husband's petition for writ of habeas corpus is denied.[4]

/s/ Sue Walker
SUE WALKER
JUSTICE

---

[4]Husband recently filed two motions for emergency relief asking that we stay a hearing scheduled for November 18, 2016, and also stay an order requiring him to pay certain amicus fees while we make a determination relating to his habeas petition. Because we have made a determination as to his habeas petition through this opinion, we deny Husband's motions as moot.

PANEL: LIVINGSTON, C.J.; WALKER, J.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: November 17, 2016