**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00004-CV**
_____

**IN RE NICOLA KLUGE**

**Original Proceeding**
**County Court at Law No. 3 of Montgomery County, Texas**
**Trial Cause No. 04-09-07778-CV**

**MEMORANDUM OPINION**

In a suit affecting the parent-child relationship (SAPCR), the trial court found Nicola Kluge in contempt and ordered that she be confined in jail for 130 days for violating a SAPCR order which restricted the primary residence of the children to Harris and Montgomery Counties, after Kluge rented an apartment in Bryan, Texas, for a teen-aged son, M.K.J., who matriculated at Texas A & M University. Not long after his sixteenth birthday, M.K.J. filed a petition for removal of disabilities of a child and a Brazos County court emancipated him before his father, Vojin Jovanovic,

1

filed the motion for enforcement that resulted in the judgment of contempt. In this original proceeding in habeas corpus, Kluge argues the trial court's judgment of contempt is void because (1) the order she has been found to have violated does not provide clear, specific, and unambiguous terms of compliance; (2) she was deprived of her due process right to present an affirmative defense where the evidence is insufficient with regard to a finding that she violated a reasonably specific order with willful intent; and (3) the court lacked jurisdiction to sign a contempt order because it no longer had jurisdiction over the subject matter of the suit. We conclude the trial court had jurisdiction to enforce the SAPCR by contempt, but the underlying SAPCR order made the basis of the contempt judgment failed to provide clear, specific, and unambiguous terms of compliance and thus, is not enforceable by contempt as it deprives the relator of liberty without due process of law. Accordingly, we set aside the judgment of contempt and order Kluge's release from confinement.

Kluge and Jovanovic have two children, born in April 2001 and September 2003. The younger of the two children is referred to in this opinion as M.K.J. The trial court signed an order in a suit to modify the parent-child relationship on December 20, 2011. In the 2011 SAPCR order, "child" for purposes of the possession order "includes each child, whether one or more, who is a subject of this

2

suit while that child is under the age of eighteen years and not otherwise emancipated." The 2011 SAPCR order gave Kluge the exclusive right to make decisions about the child's education after consulting with the other parent. The order gave Kluge the exclusive right to designate each child's primary residence within Harris and Montgomery Counties. The order contains the following geographical restriction:

> The Court finds that, in accordance with section 153.001 of the Texas Family Code, it is the public policy of Texas to assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child, to provide a safe, stable, and nonviolent environment for the child, and to encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. IT IS ORDERED that the primary residence of the children shall be within Harris County, Texas and Montgomery County, Texas, and the parties shall not remove the children from Harris County, Texas or Montgomery County, Texas for the purpose of changing the primary residence of the children until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court.

On April 27, 2018, the trial court signed a modification order that included language addressing the situation of having a teen-aged college student. Like the earlier order, the 2018 SAPCR order in part states that "[t]he periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated." The 2018 SAPCR order modified Jovanovic's periods of possession that begin and end on a student holiday

3

"pursuant to the school district calendar where the child primarily resides or a teacher in-service day that falls on a Friday during the regular school term pursuant to the school district calendar where the child primarily resides[.]" [emphasis omitted] Furthermore, the 2018 modification order provided for spring vacations based on "the day the child's college or university is dismissed" for the spring vacation. The order provided for Christmas and Thanksgiving holidays unaffected by distance, with the period of possession beginning "on the day the child's college or university is dismissed" for the vacation. [emphasis omitted] The order required that Kluge surrender the child "at the college or university in which the child is enrolled." The order stated, "All other terms of the prior orders not specifically modified in this order shall remain in full force and effect."

On November 25, 2019, Jovanovic filed a motion for enforcement that alleged 87 separate violations of the SAPCR orders. He alleged that Kluge failed to surrender M.K.J. on ten dates from December 12, 2018, through July 9, 2019, took the child from Jovanovic's residence on a date of his possession in February 2019, and violated the order by removing the child from Harris and Montgomery Counties for the purpose of changing his primary residence on seventy-six dates from August 1, 2019, through October 14, 2019.

4

The trial court heard Jovanovic's motion for enforcement on December 18, 2019. Much of the hearing focused on M.K.J. filing a petition for removal of disabilities of a minor in a Brazos County district court on September 6, 2019. In his Brazos County pleading, M.K.J. alleged that he is sixteen years of age and lives apart from his parents in Bryan, Brazos County, Texas, as a third-year student at Texas A & M University. Nicola signed a verification agreeing to the emancipation requested in M.K.J.'s petition. The Brazos County district court heard the petition on October 10, 2019, and signed an order removing the minor's disabilities on October 14, 2019. On October 22, 2019, Jovanovic filed a motion for new trial and supporting affidavit in which he claimed that he was a necessary party to the emancipation petition but had not been served with citation, that M.K.J. was not and had never been a resident of Brazos County, and that M.K.J. is not living apart from his parents and is not self-supporting. There is no evidence in the habeas record that the Brazos County district court granted a new trial.

An apartment complex manager testified that Kluge leased an apartment for M.K.J. in Bryan, Brazos County, Texas, in August 2019. M.K.J. signed a separate lease after his disabilities were removed. M.K.J. testified that he occupied the apartment beginning August 21, 2019, and Kluge drove him to Bryan when he moved into the apartment to attend classes at Texas A & M University because at

5

that time he could not legally drive. M.K.J. indicated he did not change his permanent residence when he moved into the apartment, but he admitted that he signed a petition that stated he resides in Brazos County.

A habeas corpus proceeding is a collateral attack on a contempt order. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding). The relator bears the burden of showing that the contempt order is void in that the order is beyond the power of the court to enter it, or it deprives the relator of liberty without due process of law. *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding). In a habeas corpus proceeding, the relator is entitled to relief if we determine the trial court's contempt finding is so completely without evidentiary support as to deprive the relator of liberty without due process of law. *In re Pruitt*, 6 S.W.3d 363, 364 (Tex. App.—Beaumont 1999, orig. proceeding). Evidentiary complaints are addressable in a habeas corpus proceeding if the trial court precluded the relator from presenting evidence which, if credited, would disprove the willfulness of the violation. *In re Campbell*, No. 01-17-00251-CV, 2017 WL 3598251, at *3 (Tex. App.—Houston [1st Dist.] Aug. 22, 2017, orig. proceeding) (mem. op.).

"A criminal contempt conviction for disobedience to a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order; (2) a violation

6

of the order; and (3) the willful intent to violate the order." *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). To be enforceable by contempt, the underlying order must set forth the terms of compliance in clear, specific and unambiguous terms so that the person charged with obeying the order will readily know exactly what duties and obligations are imposed upon her. *Id.* at 260. The existence of reasonable alternative constructions to the order will prevent enforcement of the order through contempt. *Id.* Although the inability to comply defense technically rebuts the willfulness element of contempt liability, the relator bears the burden of conclusively establishing her inability to comply. *Id*. at 261–62.

First, we address Kluge's third issue, which claims the trial court lost jurisdiction to enforce the SAPCR order by contempt because the SAPCR order defined a child as a person not yet eighteen or otherwise emancipated. The court retains jurisdiction to render a contempt order for failure to comply with a possession order if the motion for enforcement is filed within six months of the date the child becomes an adult. *See* Tex. Fam. Code Ann. § 157.004. Kluge argues section 157.004 does not apply because the controlling SAPCR order defines a child as a person under the age of 18 and not otherwise emancipated, but the trial court's statutory authority to enforce its judgment extends to violations that occurred before the trial court lost continuing jurisdiction if the motion for enforcement is filed not

7

later than the sixth month after the date on which the right to possession terminates under the SAPCR order. *See id.* § 157.004(2). We conclude the trial court had the authority to hear Jovanovic's timely-filed motion for enforcement. Issue three is overruled.

In her first issue, Kluge contends the trial court erred in issuing the judgment of contempt because the underlying SAPCR order failed to spell out the details of compliance in clear, specific, and unambiguous terms so that she would readily know exactly what duties and obligations the SAPCR order imposed. *See Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding). In *Slavin*, the child support order was reasonably subject to two constructions: one that required the obligor to pay the same amount each month until his three children reached the age of majority and one that allowed for a reduction in the amount of monthly support as each child turned eighteen. *Id*. at 44. The order was not enforceable by contempt because the order could not be reasonably understood when all the commands and the provisions of the applicable statute were read together. *Id*. at 45.

Although the trial court modified the SAPCR in anticipation of M.K.J. entering college, the order places no limitation on establishing a residence other than the child's primary residence. The SAPCR order allowed Kluge to remove M.K.J. from Montgomery County to Brazos County for the purpose of temporarily changing

M.K.J.'s residence. The SAPCR order is susceptible to a construction where living in an apartment separate from the family home is not a change in the "primary residence" of a college student absent an intent to live there permanently. We conclude that because the SAPCR order failed to spell out the details of compliance in clear, specific, and unambiguous terms so that Kluge would readily know exactly what duties and obligations the SAPCR order imposed with regard to M.K.J.'s residence while pursuing his college education, the SAPCR order is not enforceable by contempt and the judgment of contempt should be set aside. *See Chambers*, 898 S.W.2d at 259; *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding) ("A writ of habeas corpus will issue if the commitment order is void because it deprives the relator of liberty without due process of law"). Issue one is sustained.

Our resolution of this issue makes it unnecessary to address Kluge's second issue, in which she complains the trial court precluded her from presenting evidence that would negate allegations that she violated the trial court's order with purposeful intent.

We grant the petition for writ of habeas corpus, set aside the trial court's order of contempt, order that Nicola Kluge be discharged from custody under the order of commitment issued on December 18, 2019, by the judge of the County Court at Law Number 3 of Montgomery County, Texas in trial cause number 04-09-07778-CV,

and order that Nicola Kluge be released from the bond posted to secure her temporary release pursuant to this Court's order of January 17, 2020.

PETITION GRANTED.

PER CURIAM

Submitted on January 21, 2020
Opinion Delivered March 12, 2020

Before McKeithen, C.J., Kreger and Horton, JJ.