Ex parte Darlene Owens SANDEFER.

No. 4436.

Court of Civil Appeals of Texas, Eastland.

Sept. 18, 1970.

Akin, Vial, Hamilton, Koch & Tubb, C. L. Mike Schmidt, Dallas, Scarborough, Black, Tarpley & Scarborough, Beverly Tarpley, Abilene, for appellant.

Malcolm Schulz and W. L. Burk, Jr., A. L. (Dusty) Rhodes, Abilene, for appellee.

PER CURIAM.

This is a habeas corpus proceeding. Darlene Owens Sandefer and Jefferson Davis Sandefer III were divorced on June 22, 1970, in Taylor County. The divorce judgment provided that neither party should remove the children from the jurisdiction of the court unless by mutual agreement of the parties or by an order of the court. Mrs. Sandefer moved to Dallas County and took the children with her. Mr. Sandefer filed a motion asserting that the children were moved out of the court's jurisdiction in violation of said judgment and asked that she be punished for contempt. In the amended motion suggesting contempt Mr. Sandefer alleged that the judgment of divorce provided that he was entitled to reasonable visitation rights when the children were in the possession of Mrs. Sandefer and that by removing the children to Dallas County she has refused to allow him such right. The court found that Mrs. Sandefer was "in contempt of the Court's Order rendered on the 22nd day of June, 1970, in that respondent has, in violation of that prior order, removed the minor children involved herein from the premises of 1725 Woodridge Street, Abilene, Taylor County, Texas, and further that respondent has violated the previous order by removing certain items of household furnishings, furniture, fixtures and chattels from the home located at 1725 Woodridge Street, Abilene, Taylor County, Texas, to 13536 Waterfall Way, Richardson, Dallas County, Texas."

"It is further ORDERED ADJUDGED AND DECREED by the Court that the said Darlene Owens Sandefer be, and she is hereby, held guilty of contempt as aforesaid, and that on the 29th day of August, 1970, she be imprisoned in the Taylor County jail, unless on or before such date she has purged herself in the manner as provided above, and there to remain until she purges herself in the manner as provided above."

At the time we granted Mrs. Sandefer's application for a writ of habeas corpus, she was in the custody of the Sheriff of Taylor County. She contends she did not violate the terms of the judgment by removing the children to Dallas County because such decree nowhere restricts such action; that the contempt order is vague as to punishment and that she was not given the proper notice of the contempt hearing.

The parties went to trial on the amended motion suggesting contempt. The specific charge made by the amended pleadings accused Mrs. Sandefer of refusing to allow Mr. Sandefer to exercise his right of reasonable visitation with his children.

In Deramus v. Thornton, 160 Tex. 494, 333 S.W.2d 824, at page 829, the Supreme Court (1960) said: "Contempt proceedings are generally criminal in their nature whether they grow out of criminal or civil actions. It follows then that the proceedings should conform as nearly as practicable to those in criminal cases. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306; Ex parte Palmateer, 150 Tex. 510, 243 S.W.2d 160."

In Ex parte Slavin, 412 S.W.2d 43, the Supreme Court (1967) said: "It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him. * * * The underlying reason for this rule is that: 'The rights of the parties under a mandatory judgment whereby they may be subjected to punishment as contemnors for a violation of its provisions, should not rest upon implication or conjecture, but the language declaring such rights or imposing

burdens should be clear, specific and unequivocal so that the parties may not be misled thereby.' Plummer v. Superior Court of the City and County of San Francisco, 20 Cal.2d 158, 124 P.2d 5 (1942). Texas decisions hold that an order of a court, such as an 'injunction decree must be as definite, clear and precise as possible and when practicable it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing.' "

After considering all the provisions of the divorce judgment, we have reached the conclusion that it does not in "clear, specific and unambiguous terms" make it mandatory that Mrs. Sandefer and the children live at the Abilene address. We also find there is no evidence she refused to allow respondent his right of reasonable visitation.

The relator is ordered discharged.