Ex parte John Weldon ALLEN, Relator.

No. 621.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 9, 1972.

Frank B. Brooks, Jr., Houston, for relator.

Bernard L. Chanon, Ducoff & Chanon, Houston, for respondent.

SAM D. JOHNSON, Justice.

By judgment reciting date of August 3, 1971, the Court of Domestic Relations of Harris County, Texas awarded the custody of two minor children, Jon Charles Allen and Teresa Sue Allen, to their mother, Betty Sue Allen Boyd. Notice of appeal was filed on September 20, 1971, and appeal bond was filed on October 7, 1971. Such appeal was therefore perfected, see Rule 363, Texas Rules of Civil Procedure, and appears on this Court's docket as Cause Number 591.

Aside from placing custody of the minor children in the mother the court's judgment further provided for certain weekend and summer visitations for the relator father, and then recites ". . . Movant shall take subject minor children for visitation on the 3rd day of August, 1971, instanter, and shall have the right to visit with said minor children until 4:00 o'clock P.M. on the 15th day of August, 1971 . . .".

Thereafter motion was made to the trial court praying that the father be held in contempt for violating the court's order in not returning the children. Pursuant thereto on November 18, 1971, the trial court entered an order of commitment which recites:

"BE IT REMEMBERED that on this the 18th day of November 1971, came on to be heard the above entitled and numbered cause wherein JOHN WELDON ALLEN stands charged with contempt of Court in failing and refusing to comply with the terms of the Judgment by

this Court entered on or about the 3rd day of August, 1971, wherein the Court ordered him to return the minor children to the custody of BETTY SUE ALLEN BOYD by August 15, 1971."

The order of commitment recited that the trial court found John Weldon Allen guilty of contempt of court and set his punishment at confinement in the county jail for fourteen days plus costs of court including attorney's fees in the sum of $100.00.

Following relator's confinement under such commitment this Court granted his application for a writ of habeas corpus and ordered him released upon the giving of bond set by this Court. This instant cause, number 621 on the docket of this court, stems from such confinement.

■ Relator contends that the instant order of contempt of the Court of Domestic Relations is void because it was entered after the appeal to this Court (in Cause No. 591) was perfected. This contention is overruled. "The fact that an appeal has been taken from the order or judgment the violation of which forms the subject of the contempt proceedings does not deprive the court issuing the order or rendering the judgment of the power to punish its violation as contempt, where the appeal is perfected by a cost bond, as distinguished from a supersedeas bond." 12 Tex.Jur.2d Contempt, Sec. 15 (1960); Ex Parte Wrather, 139 Tex. 47, 161 S.W.2d 774 (1942). In Cause No. 591 relator filed a cost bond. There was no supersedeas as provided for in Tex.R.Civ.P. 364(f) which states: "Where the judgment is one involving the care or custody of a child, the appeal, with or without a supersedeas bond, shall not have the effect of suspending the judgment as to the care or custody of the child, unless it shall be so ordered by the court entering the judgment. However, the appellate court, upon a proper showing, may permit the judgment to be superseded." The trial court made no provision for the suspension of its judgment and this

Court neither made nor was requested to supersede such judgment.

There is, however, a more fundamental consideration. The trial court's judgment which awarded custody of the children to the mother made provision for the father's immediate visitation beginning August 3, 1971, and recited that he ". . . shall have the right to visit with said minor children until 4:00 o'clock P.M. on the 15th day of August, 1971; . . .". It is to be noted that the court's order made no provision for *return* of the children; indeed it made no provision for any affirmative action on the part of the father. The court's order of commitment on the other hand, recites that the father stands charged with contempt of court ". . . in failing and refusing to comply with the terms of the judgment . . . wherein the Court ordered him to return the minor children to the custody of BETTY SUE ALLEN BOYD by August 15, 1971." The order of commitment therefore asserts that the contempt is predicated upon its prior order *to return* the minor children.

■ For a person to be held in contempt for disobeying a court order, such order must be made in clear and unambiguous terms. Such person must be able to clearly recognize what duties or obligations are imposed upon him. "The rights of the parties under a mandatory judgment whereby they may be subjected to punishment as contemnors for a violation of its provisions, should not rest upon implication or conjecture, but the language declaring such rights or imposing burdens should be clear, specific and unequivocal so that the parties may not be misled thereby." Plummer v. Superior Court of City and County of San Francisco, 20 Cal.2d 158, 124 P.2d 5 (1942); Ex Parte Slavin, 412 S.W.2d 43 (Tex.Sup.1967).

■ The language of the court's judgment makes no provision whatever for affirmative action on the part of the relator insofar return of the children is concerned. The court's judgment relative to return is

uncertain, ambiguous, unclear and calls for an inference or conclusion as to what, if any, obligation the father had in this respect. See Ex Parte Slavin, supra; Ex Parte Sandefer, 461 S.W.2d 193 (Tex.Civ. App.—Eastland 1970, no writ). We are compelled to the conclusion that the recitation in the court's order of commitment finds no support in the court's judgment.

The relator is ordered discharged.