**Ex parte William M. REESE.**

No. C–4342.

Supreme Court of Texas.

Jan. 8, 1986.

Bishop, Payne, Lamsens & Brown, S. Gary Werley, Ft. Worth, for relator.

Thomas E. Myers, Arlington, for respondent.

## ORIGINAL HABEAS CORPUS PROCEEDING

McGEE, Justice.

This is an original habeas corpus proceeding. Relator, William M. Reese, was found in contempt of a district court judgment and committed to jail until he purged himself. We granted Reese's petition for writ of habeas corpus and set bail at $1,000. The question presented is whether the trial court's judgment is so vague and indefinite as to preclude enforcement by contempt. We hold that the judgment is vague and order that Reese be discharged.

Reese is the president of Mercari Corporation which is involved in the development of Fielderdale Farms and Mountain Creek Estates, two subdivisions located in Johnson County, Texas. Several landowners in the subdivisions sued Reese and Mercari Corporation for failing to complete various phases of the subdivisions. On May 25, 1984, Reese, individually and as president on behalf of Mercari Corporation, entered into an agreed judgment with the landowners providing for the completion of a serviceable water system and road system. The judgment provided in pertinent part:

> IT IS ORDERED, that Defendant, Mercari Corporation, take back the water system, begin to restore it to proper condition, within 60 days of the date of this judgment, and operate said water system ... During the period in which Defendant, Mercari Corporation, owns and operates the system, each property owner will bear a pro rata share of the cost of electricity and reasonable maintenance expenses and will each pay a one-time subscription fee ... Defendant, Mercari Corporation, will ensure that the water quality meets the standards of the Texas Department of Health ...
>
> Mercari Corporation will restore the water system to a point at which all users of the system will have approved water within 150 days from the date of this judgment....
>
> IT IS ORDERED, that within 30 days after the effective date of this judgment ... Defendant, Mercari Corporation, will begin to complete the streets according to the plats previously shown to the property owners. Defendant, Mercari Corporation, agrees that each street will be constructed with a minimum of six inches of rock base material, properly leveled and rolled, and surfaced with a mixture of asphalt and gravel. Each street will be crowned for proper drainage and corrugated metal culverts will be installed where appropriate for drainage purposes only. Each street will be properly marked with street signs for identification. Mercari Corporation will complete the streets within eighteen months from the date of the judgment. Defendant, Mercari Corporation, will own and properly maintain the streets....

Sometime later, the landowners filed a motion for contempt based upon Reese's failure to perform according to the judgment. After a hearing, the trial court found Reese in contempt of court and ordered him confined to the Johnson County jail until he purged himself by complying with the above agreed judgment. Reese, by habeas corpus petition to this court, has asked us to order the sheriff of Johnson County to release him from his illegal restraint.

■ The question whether a decree is enforceable by contempt depends upon whether the judgment order is definite and certain. *Ex parte Gorena*, 595 S.W.2d 841 (Tex.1979). The focus is on the wording of the judgment itself. A proper judgment

must spell out the details of compliance in clear and unambiguous terms so that the person will know exactly what he is expected to do. *Ex parte Slavin,* 412 S.W.2d 43, 44 (Tex.1967).

Reese contends that the May 25, 1984 judgment is too vague to meet *Slavin's* requirement of specificity. We agree. The judgment orders Mercari Corporation to "take back" the water system, "begin to restore it to proper condition" so that all users have "approved water," and "ensure that the water quality meets the standards of the Texas Department of Health." These orders are vague with respect to the actions Reese must take to purge himself of contempt. More specifically, the judgment fails to adequately answer what Reese must do to restore the water system "to proper condition," what is "approved water," and what "standards" of the Texas Department of Health are applicable to Reese.

■ The judgment orders Mercari Corporation "to complete the streets according to the plats previously shown to the property owners"; yet, no plats are attached to the judgment. It is unclear to which plats the trial court is referring. The face of the trial court judgment does not specify how many plats are in existence, which plats were shown to the property owners, or whether all the property owners were shown the same plats. Further, the judgment does not make reference to alternative sources, such as engineering specifications, local standards, or building codes that would specify how the streets are to be constructed.

■ The trial court judgment further states that the streets shall be "properly leveled and rolled," "crowned for proper drainage," "properly marked with street signs for identification," and "be properly maintain[ed] [by Mercari Corporation]." This language is ambiguous and indefinite because the trial court judgment does not give any standards which define "proper" construction and maintenance.

The trial court judgment, on its face, does not tell Reese with sufficient certainty exactly what he has to do to purge himself of the contempt. Accordingly, we find the trial court judgment vague and indefinite and order that Reese be released.