**In re Stephanie DAVIS, Relator.**

**No. 14–09–00943–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 6, 2010.

Penny Wymyczak–White, Houston, for relator.

William Leslie Shireman, Houston, for real party in interest.

Panel consists of Justices YATES, FROST, and BROWN.

## OPINION

PER CURIAM.

On November 9, 2009, relator, Stephanie Davis, filed a petition for writ of habeas corpus seeking release from jail. *See* Tex. Gov't Code Ann. § 22.221(d) (Vernon 2004); Tex.R.App. P. 52.

### Background

On September 17, 2009, the trial court issued an order in a suit to modify parent-child relationship. Relator, Stephanie L.

Davis, is the children's mother. The real party in interest, Robert M. Carlson, is the children's father. In the order, among other things, relator was ordered to:

> In the event that a child appears to be ill upon awakening on a regularly scheduled school day, STEPHANIE L. DAVIS is ORDERED to contact that child's primary care physician to obtain directions as to the child's care. STEPHANIE L. DAVIS is ORDERED to provide proper notice to ROBERT M. CARLSON within one hour of her contact with the child's physician, to include the physician's name, telephone number, and any instructions given by the physician related to the child's care. If a child's physician directs that the child remain home from school, this shall create a rebuttable presumption that the absence from school shall be excused.

The court further ordered relator to:

> [F]urnish ROBERT M. CARLSON a true and correct copy of the health insurance policy or certification and a schedule of benefits within 10 days of the signing of this order. STEPHANIE L. DAVIS is ORDERED to furnish ROBERT M. CARLSON the insurance cards and any other forms necessary for use of the insurance within 10 days of the signing of this order.

On October 8, 2009, real party in interest filed a motion for contempt alleging 12 violations of the September 17, 2009 order. On October 29, 2009, the trial court signed an order holding relator in criminal contempt for failure to comply with the order signed September 17, 2009. Specifically, the court found relator in contempt for the following violations:

1. On Sept. 18, 2009, Stephanie L. Davis, Respondent, failed to notify Movant, Robert M. Carlson, within one hour of receiving healthcare information regarding the child.

2. On October 6, 2009, Respondent failed to contact the child's physician for instruction related to the child's healthcare upon the child awakening ill.

3. On October 8, 2009, Respondent failed to contact the child's physician for healthcare instruction related to the child's condition upon the child awakening ill.

4. On 10/9/09, Respondent failed to contact the child's physician for healthcare instruction related to the child's condition upon the child awakening ill.

5. On 10/10/09, failed to notify Movant within one hour of receiving healthcare instructions from a physician regarding a child.

6. On 10/12/09 Respondent failed to notify movant within one hour of receiving physician instructions regarding a child's healthcare.

7. On 9/27/09, failed to provide Movant with copies of children's insurance cards.

8. On 9/27/09, failed to provide Movant with copies of child's health insurance policies.

The court assessed punishment at 150 days for each count, with the sentences to be served concurrently beginning immediately and ending on March 28, 2010. Relator contends that she is entitled to release because (1) she did not receive notice of four of the violations, (2) the underlying order is vague and ambiguous, (3) the enforcement order was not properly incorporated into the contempt order, and (4) the order does not allow for good-time credit.

### Habeas Standard

■ This court will issue a writ of habeas corpus if the contempt order is void because it deprives the relator of liberty

without due process of law or because it was beyond the power of the court to issue. *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex.1996). The contempt order must clearly state in what respect the court's earlier order has been violated and must clearly specify the punishment imposed by the court. *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex.1997).

## Discussion

### Notice

In her first three issues, relator contends she has been deprived of her liberty without due process because she did not receive notice of violations 3, 4, 5, and 6 because these violations were found to have occurred after the motion for contempt was filed. Contempt proceedings are quasi-criminal in nature, and the contemnor is entitled to procedural due process throughout the proceedings. *See Ex parte Johnson*, 654 S.W.2d 415, 420 (Tex. 1983). Among those procedural due process rights is the right to reasonable notice of each act alleged to constitute contempt. The due process requirement is one of "full and complete notification" of the conduct with which the contemnor is charged and the contemnor must be given a reasonable opportunity to meet the charges by defense or explanation. *Ex parte Adell*, 769 S.W.2d 521, 522 (Tex.1989). A contempt order rendered without such adequate notification is void. *Id.*

The real party agrees that the motion for contempt failed to provide relator with notice of every contemptuous act found by the trial court. Real party asks this court to reform or modify portions of the trial court's order that relate to contempt and commitment, and to strike the portions of the order in which the court found relator in contempt for violations 3 through 6. We sustain relator's contention that she was given inadequate notice of the acts listed in violations 3, 4, 5, and 6 for which she was found in contempt. We hold that the portions of the contempt order listing violations that occurred after October 8, 2009 are void.

The void portions of the order relating to contempt (violations 3, 4, 5, and 6) do not make the entire order void because the trial court listed the contempt sentences separately. The void portions are capable of being severed from the valid portions of the order. *See In re Ross*, 125 S.W.3d 549, 553 (Tex.App.-Austin 2003, orig. proceeding). Accordingly, we sustain relator's first three issues and modify the trial court's order by striking violations 3, 4, 5, and 6 as void.

### Vague and Ambiguous Underlying Order

In her fourth issue, relator contends that the underlying order is vague, ambiguous, and nonspecific as to be unenforceable by contempt. First, she argues that the paragraph requiring her to phone the physician and the father within one hour of the child awakening with symptoms of illness is vague in that the phrase, "appears to be ill upon awakening" does not define "appears to be ill," nor does it set a time parameter other than "upon awakening." Second, she argues that the paragraph requiring her to "furnish" insurance cards is vague in that "furnish" does not necessarily mean "deliver." The phrase could be read to require relator to only "make available" the health insurance cards. She also argues that the phrase "and any other forms necessary" is too vague to be enforceable by contempt.

The order underlying a contempt judgment must set forth the terms of compliance in clear, specific, and unambiguous terms so that the person charged with obeying the order will readily know exactly

what duties and obligations are imposed upon her. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex.1995). The question of whether an order is enforceable by contempt depends on whether the order is definite and certain, and the focus is on the wording of the judgment itself. *Ex parte Reese*, 701 S.W.2d 840, 841 (Tex.1986). If the court's order requires inferences or conclusions about which reasonable persons might differ, it is insufficient to support a judgment of contempt. *Chambers*, 898 S.W.2d at 260. Only reasonable alternative constructions, however, prevent enforcement of the order. *Id.* "The order need not be full of superfluous terms and specifications adequate to counter any flight of fancy a contemnor may imagine in order to declare it vague." *Id.*

■ In violations 1 and 2 of the contempt order, relator was found to have violated the underlying order by failing to notify the children's father within one hour of receiving healthcare information from the child's physician regarding the child, and for failing to contact the child's physician for instruction relating to the child's healthcare upon the child awakening ill. The specific provision reads as follows:

> In the event that a child appears to be ill upon awakening on a regularly scheduled school day, STEPHANIE L. DAVIS is ORDERED to contact that child's primary care physician to obtain directions as to the child's care. STEPHANIE L. DAVIS is ORDERED to provide proper notice to ROBERT M. CARLSON within one hour of her contact with the child's physician, to include the physician's name, telephone number, and any instructions given by the physician related to the child's care. If a child's physician directs that the child remain home from school, this shall create a rebuttable presumption that the absence from school shall be excused.

Relator argues that the underlying order is insufficient to support an order of contempt because the above paragraph requires inferences or conclusions about which reasonable persons might differ. Specifically, relator argues that the phrase, "a child appears to be ill upon awakening" is subject to differing interpretations. We agree. The order does not set specific parameters for symptoms of illness, nor does it provide a time parameter other than "upon awakening." A reasonable person may not immediately know when a child awakens, or may differ in her interpretation of whether the child appears to be ill. Because this portion of the underlying order does not contain the requisite specificity, it is not enforceable by contempt.

■ In violations 7 and 8, relator was found to have violated the underlying order by failing to provide the children's father with copies of the children's health insurance cards and policies. The provision of the underlying order requiring relator to provide copies of insurance cards and policies to the real party reads as follows:

> STEPHANIE L. DAVIS is ORDERED to furnish ROBERT M. CARLSON a true and correct copy of the health insurance policy or certification and a schedule of benefits within 10 days of the signing of this order. STEPHANIE L. DAVIS is ORDERED to furnish ROBERT M. CARLSON the insurance cards and any other forms necessary for use of the insurance within 10 days of the signing of this order.

Relator asserts the above provision is vague and ambiguous because the word "furnish" is subject to differing interpretations. Relator argues the term "furnish" could be read to require her to only "make available" the health insurance information.

Contrary to relator's assertion, the term "furnish" is defined in the underlying order to mean:

a. to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

b. to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

c. to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

Because the underlying order sufficiently defined the term, "furnish," relator was informed in clear, specific, and unambiguous terms the method of delivery of the health insurance documents.

Relator further argues that the phrase "and any other forms necessary" is too vague to be enforceable by contempt. Relator was not found in contempt for failing to provide "any other forms necessary" to the real party, but for failing to provide health insurance cards and policies. Because those terms are not vague or ambiguous, the underlying order was sufficiently specific to support a judgment by contempt. We sustain relator's fourth issue with regard to violations 1 and 2 and strike those portions of the order as void. With regard to violations 7 and 8, we overrule relator's fourth issue.

### Incorporation of Enforcement Order

In her fifth issue, relator contends the contempt order did not comply with the statutory requirements set for reasonable notice. The Family Code requires an enforcement order for criminal contempt to "contain findings identifying, setting out, or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when the respondent's failure to comply with the order was found to constitute criminal contempt." Tex. Fam.Code Ann. § 157.166 (Vernon 2008). Relator contends that the commitment order is void because the order did not contain findings identifying, setting out or incorporating by reference the particular provisions of the order for which enforcement was requested. The order, however, states, "[O]n September 17, 2009, Respondent was ordered to comply with orders relating to the children's schooling, which order appears of record at Image # 43364874 of the minutes of this Court."

This recitation is sufficient to comply with section 157.166(b) of the Family Code. This court has held that compliance with section 157.166 may be effected by (1) copying into the order the provisions for which enforcement was sought, (2) attaching as an exhibit a copy of the order for which enforcement was sought and incorporating it by reference, or (3) giving the volume and page numbers in the minutes of the court where the order and its pertinent language is located. *In re Levingston*, 996 S.W.2d 936, 938–39 (Tex.App.-Houston [14th Dist.] 1999, orig. proceeding). This court also held that these methods are not exclusive. *Id.* at 939.

Relator argues that the electronic image cannot be found "in the minutes of the court," but refers to a scanned document online available exclusively to licensed Texas attorneys at the website of the Harris County District Clerk. The purpose of section 157.166(b) is to satisfy due process by providing the contemnor notice of the subject matter and of "when, how, and by what means the [contemnor] has been

guilty of the alleged contempt." *See In re Broussard,* 112 S.W.3d 827, 834 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). Relator has failed to show that an electronic reference to the minutes of the court deprived her of due process. She was represented by counsel at the trial court and her counsel approved the underlying order as to form. The Harris County District Clerk's office permits a licensed attorney to access electronic copies, but also provides the opportunity for a layperson to purchase hard copies of documents via mail, fax, or in person. Relator's counsel could access the order electronically, or she could access it via mail, fax, or in person, just as she could if the enforcement order had listed the volume and page number of the hard copy minutes of the court. Relator's fifth issue is overruled.

### Good Time Credit

In her sixth issue, relator contends the commitment order is void because it denied her the opportunity for good time credit. The commitment order states that relator is committed "for a total period of 150 days confinement in the Harris County jail, commencing upon the date of commitment and continuing thereafter *day to day until March 28, 2010,* subject to any periods of further incarceration for civil contempt as may be ordered herein."

 A trial judge has no authority to set an ending date on a criminal contempt sentence because that denies the contemnor her right to be considered for "good time," a statutory credit she may receive as a reward for good behavior in jail. *Kopeski v. Martin,* 629 S.W.2d 743, 745 (Tex.Crim.App.1982). Relator is entitled to be considered for "good time" credit on her criminal contempt sentence. *Ex parte Daniels,* 722 S.W.2d 707, 711–12 (Tex. Crim.App.1987); *Ex parte Suter,* 920 S.W.2d 685, 687, n. 1 (Tex.App.-Houston [1st Dist.] 1995, orig. proceeding); Tex.

Code Crim. Proc. Ann. art. 42.032 (Vernon Supp.2009). The portion of the order setting an ending date for relator's sentence is therefore void. Accordingly, we delete the phrase, "and continuing thereafter day to day until March 28, 2010" from the order. Relator's sixth issue is sustained.

### Conclusion

We conclude that the trial court's contempt findings in violations 1, 2, 3, 4, 5, and 6 are void. We further conclude that the portion of the contempt order setting an ending date for relator's sentence is void. Accordingly, we modify the trial court's order (1) by striking as void the trial court's contempt findings in violations 1, 2, 3, 4, 5, and 6 and (2) by deleting the ending date on relator's sentence from the order. The remaining portion of the order is valid and enforceable. In all other respects, relator's petition for writ of habeas corpus is denied. *See* Tex.R.App. P. 52.8(c).