02-11-202-CV








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-11-00202-CV 

 

 




 
 
 In re Curtis Charles Matthews
 
 
  
 
 
 RELATOR
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 




------------

 

ORIGINAL PROCEEDING

 

------------

 

MEMORANDUM
OPINION[1]

----------

 

          Relator
Curtis Charles Matthews filed this petition for writ of habeas corpus after he
was held in contempt for violating a “birthday provision” in his decree of
divorce.  That provision provides:

Child’s Birthday.  If KELLY ANNE
MATTHEWS is not otherwise entitled under this possession order to present
possession of the child on the child’s birthday, KELLY ANNE MATTHEWS shall have
possession of the child beginning at 4:00 P.M. and ending at 7:00 P.M. on that
day, provided that KELLY ANNE MATTHEWS picks up the child from CURTIS CHARLES
MATTHEWS’s residence and returns the child to that same place. 

 

The
fourteenth birthday of the child, A.C.M., occurred on October 16, 2010.  Six
months after A.C.M.’s fourteenth birthday, Real Party in Interest, Relator’s
ex-wife Kelly Matthews, filed a “Motion For Enforcement Of Decree Concerning
Possession And Access.”  Kelly alleged that Relator had failed to comply with
the birthday provision in their divorce decree on A.C.M.’s fourteenth
birthday.  Kelly alleged that she was not in possession of A.C.M. on October
16, 2010; that she went to Relator’s residence to pick up A.C.M. on his
birthday for her possession time per their divorce decree—that is for her three
hours of possession from 4 p.m. to 7 p.m.; and that Relator and A.C.M. were not
at Relator’s residence.  She further alleged,

Kelly Matthews was
not allowed to pick up the child [A.C.M.] at any time the weekend of his
birthday.  Curtis Matthews advised Kelly Matthews he wanted to take [A.C.M.] to
a TCU football game on Saturday.  In the spirit of cooperation, movant Kelly
Matthews offered to take the child [A.C.M.] for her time period, on the Friday
night or the Sunday night of his birthday weekend, but Curtis Matthews refused
any access on the birthday weekend.

 

The
trial court conducted an evidentiary hearing on Kelly’s motion for
enforcement.  Kelly and Relator both testified.  

          Kelly
testified that she had e-mailed Relator the week before A.C.M.’s birthday,
stating that she wanted to visit with A.C.M. from 4:00 P.M. to 7:00 P.M. on his
birthday per the divorce decree.  Relator told her that she could pick up
A.C.M. at 4:00 P.M. at the TCU football game where he would be celebrating his
birthday with five of his best friends.  Kelly declined because “[t]o pull
[A.C.M.] away from five of his friends where he wanted to see the TCU football
game didn’t seem fair to [A.C.M.]  It would have made quite the scene and been
quite uncomfortable and that’s not what this is about.”  Kelly offered to pick
up A.C.M. on Friday evening or Sunday evening, but Relator refused.  Despite
the e-mails, Kelly went to Relator’s house on October 16, 2010 at 4:00 P.M.,
and neither Relator nor A.C.M. were there.  Kelly further testified that Relator
did not offer her other weekends in place of the birthday visit.  Kelly said
that she had tried to “work it out with [Relator’s] lawyer” but ended up filing
a motion to enforce a half a year after A.C.M.’s birthday.

Relator
testified that Kelly had never exercised birthday visits before A.C.M.’s fourteenth
birthday in 2010.  He said that he had forgotten about the birthday provision
in the divorce decree and had purchased twelve tickets in early September to
the October 16 TCU football game after A.C.M. expressed interest in taking some
of his friends to the game for his birthday.  Relator  explained that one of
the tickets was for his mother, who was coming in from Indiana for that
weekend.  Relator said that Kelly had contacted him about a week prior to
A.C.M.’s birthday and had requested birthday visitation; Relator told her of
his plans to take A.C.M. and his friends to the TCU football game at 1:00 P.M.
but said that Kelly could come to the game at 4:00 P.M. to pick up A.C.M.  Relator
testified that he offered Kelly a Wednesday provision and another weekend in
lieu of her birthday visitation if she did not want to pick up A.C.M. at the
game.  Relator said that he had refused Kelly’s request for visitation on the
Friday or the Sunday night of A.C.M.’s birthday weekend because Relator’s mother
was visiting from Indiana.

After
hearing the above testimony, Respondent sentenced Relator to 180 days’ confinement
in the Tarrant County Jail “for violation of the court’s order” and ordered
Relator to pay $1,300 in costs and attorney’s fees.  Respondent’s contempt order
dated May 20, 2011 contains the following finding:

The Court finds
[Curtis Matthews] has once again[2] failed to comply with the
Agreed Final Decree of Divorce, signed by this court on 6/21/01.  Specifically
that on Saturday, October 16, 2010 Kelly Matthews went to the residence of
Curtis Matthews to pick up the child [A.C.M.] on his birthday, for her
possession time per the divorce decree, and was denied possession, not only for
that day, but for the entire weekend of the child’s birthday.

 

The Court finds Kelly
Matthews offered reasonable alternative possession but was refused by [] Curtis
Charles Matthews. 

 

Relator
was booked into the Tarrant County Jail on work release on May 23, 2011.  He
filed this petition for writ of habeas corpus on June 7, 2011.  After the
petition was filed, this court ordered Relator released on a $1,000 bond
pending the outcome of this original proceeding.  See Tex. R. App. P.
52.8(b)(3).  Kelly was given the opportunity to file a brief with this court,
but she did not file one.

In
his first point, Relator argues that the contempt order is void because it does
not comply with statutory requirements.  Specifically, Relator argues that the
contempt order fails to include in concise language the provisions of the order
for which enforcement was requested and fails to state the manner of his
noncompliance.

Family
code section 157.166 states,

(a) An enforcement
order must include:

 

(1) In ordinary and
concise language the provisions of the order for which enforcement was
requested;

 

(2) The acts or
omissions that are the subject of the order;

 

(3) The manner of the
respondent’s noncompliance; and

 

(4) The relief
granted by the court.

 

(b) If the order
imposes incarceration or a fine for criminal contempt, an enforcement order
must contain findings identifying, setting out, or incorporating by reference
the provisions of the order for which enforcement was requested and the date of
each occasion when the respondent’s failure to comply with the order was found
to constitute criminal contempt.

 

Tex.
Fam. Code Ann. § 157.166 (West 2008).

As
set forth above, the contempt order does not set forth the birthday provision
from the divorce decree, reference the page in the divorce decree where it is
found, or refer to the birthday provision at all; it merely states that Relator
failed to comply with the divorce decree.  Moreover, the contempt order does
not state how Relator violated any provision in the divorce decree; it states
only that Kelly “was denied possession” but does not specify that she was
denied possession by Relator.  Furthermore, to the extent that the contempt
order implies that Kelly “was denied possession” by the virtue of Relator’s
conduct, the record does not support such conclusion.  Both parties testified
that Relator offered for Kelly to take possession of A.C.M. on his birthday at
4:00 P.M. at the TCU football game.  Kelly did not testify that it would be a
hardship for her to pick up A.C.M. from the game instead of Relator’s house;
she stated only that she did not want to pull A.C.M. away from his friends on
his birthday or cause a scene.  Because the contempt order fails to comply with
section 157.166, it is void.  See id.; In re Biscamp, No.
02-05-00151-CV, 2005 WL 1405819, at *1 (Tex. App.—Fort Worth June 14, 2005,
orig. proceeding) (mem. op.) (holding trial court’s contempt order void because
it did not include, nor reference with any particularity, any of the items
listed in section 157.166(a)(1)–(3) or (b)).  We sustain Relator’s first point.

In
Relator’s third point, he argues that the divorce decree’s birthday provision
is not specific enough to be enforceable by contempt because it does not give
him notice of what duties and obligations are required of him and merely states
that Kelly is awarded possession of the birthday child for three hours.

The
order underlying a contempt judgment must set forth the terms of compliance in
clear, specific, and unambiguous terms so that the person charged with obeying
the order will readily know exactly what duties and obligations are imposed.  Ex
parte Chambers, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding); Ex
parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding); In re
Davis, 305 S.W.3d 326, 331 (Tex. App.––Houston [14th Dist.] 2010, orig.
proceeding).  The question of whether an order is enforceable by contempt
depends on whether the order is definite and certain, and the focus is on the
wording of the judgment itself.  Ex parte Reese, 701 S.W.2d 840, 841
(Tex. 1986) (orig. proceeding); Davis, 305 S.W.3d at 331.  If the trial court’s
order requires inferences or conclusions about which reasonable persons might
differ, it is insufficient to support a judgment of contempt.  Chambers,
898 S.W.2d at 260; Davis, 305 S.W.3d at 331.  Moreover,
a person cannot be sentenced to confinement unless the underlying order unequivocally
commands that person to perform a duty or obligation.  In re Coppock,
277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding) (citing Ex parte Padron,
565 S.W.2d 921, 921 (Tex. 1978) (orig. proceeding)).

An
examination of provisions in judgments that courts have found not specific
enough to be enforceable by contempt makes it clear that the birthday provision
in Relator’s divorce decree is not specific enough to be enforceable by
contempt.  See Davis, 305 S.W.3d at 331;[3] Ex parte Allen,
477 S.W.2d 297, 298 (Tex. App.—Houston [14th Dist.] 1972, orig. proceeding);[4]
In re Pollard, No. 05-06-00140-CV, 2006 WL 456980, at *1 (Tex.
App.––Dallas Feb. 27, 2006, orig. proceeding) (mem. op. on reh’g).[5] 
The birthday provision here does not command or order Relator to do anything;
it does not order him to relinquish possession of A.C.M. at his residence.  See
Allen, 477 S.W.2d at 298–99 (stating that “[t]he language of the court’s
judgment makes no provision whatever for affirmative action on the part of the
relator insofar [as] return of the children is concerned” and holding that “[t]he
court’s judgment relative to return is uncertain, ambiguous, unclear and calls
for an inference or conclusion as to what, if any, obligation the father had in
this respect”).  The birthday provision of the judgment here makes no provision
whatever for affirmative action on the part of Relator insofar as
relinquishment of A.C.M. is concerned.  Could Relator leave fourteen-year-old
A.C.M. at his residence alone for Kelly’s pick up?  If so, Relator possessed no
control over A.C.M.’s ability to leave the residence prior to Kelly’s arrival. 
Could Relator leave A.C.M. with a sitter for Kelly’s pick-up?  If so, Relator
possessed no control over the sitter’s ability to leave the residence with
A.C.M. prior to Kelly’s arrival.  In short, the birthday provision’s language
relative to Relator’s relinquishment of A.C.M. is uncertain, ambiguous, and unclear
and calls for an inference or conclusion as to what, if any, obligation Relator
had in this respect.  Because the birthday provision is ambiguous, it will not
support the trial court’s contempt order.  We sustain Relator’s third point.[6]

 

 

Having
sustained Relator’s first and third points, we grant Relator’s requested habeas
corpus relief, vacate the order of contempt and commitment, and order Relator
discharged from the bond we previously ordered posted.  

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DELIVERED: July 7, 2011









[1]See Tex. R. App. P. 47.4.





[2]On the record, Respondent mentioned
that he had previously sentenced Relator to jail for violating court orders for
failing to pay “support” and “medical.”





[3]The provision in Davis
found to be not specific enough to be enforced by contempt was as follows:

In the event that a child appears to be ill upon
awakening on a regularly scheduled school day, [S.L.D.] is ORDERED to contact
that child’s primary care physician to obtain directions as to the child’s
care.  [S.L.D.] is ORDERED to provide proper notice to [R.M.C.] within one hour
of her contact with the child’s physician, to include the physician’s name,
telephone number, and any instructions given by the physician related to the
child’s care.  If a child’s physician directs that the child remain home from
school, this shall create a rebuttable presumption that the absence from school
shall be excused.

305 S.W.3d
at 331.  The appellate court held the provision did not set specific parameters
for symptoms of illness or provide a time parameter other than upon awakening
and that therefore the provision was unenforceable by contempt.  Id.





[4]The provision in Allen
found to be not specific enough to be enforced by contempt was as follows:

Movant shall take subject minor children for visitation
on the 3rd day of August, 1971, instanter, and shall have the right to visit
with said minor children until 4:00 o’clock P.M. on the 15th day of August,
1971.

477 S.W.2d
at 297.  The appellate court held the provision made no provision for the
return of the children and made no provision for any affirmative action on the
part of father (the nonmovant) so that it was unenforceable by contempt.  Id.





[5]The provision in Pollard
found to be not specific enough to be enforced by contempt was as follows:

IT IS THEREFORE ORDERED that [R.M.P.] shall, within ten
(10) days of the date of this order sign and deliver to counsel for the
Executor a request for a pay-off of the federal tax liens against [R.M.P.]

2006 WL
456980, at *1.  The appellate court held the meaning of the term “pay-off” was
not discernable and that, therefore, the provision was not specific enough to
be enforced by contempt.  Id.





[6]Based on our disposition
of Relator’s first and third points, we need not address his second point.  See
Tex. R. App. P. 47.1 (stating that appellate court must hand down written
opinion that is as brief as practicable but that addresses every issue raised
and necessary to final disposition of appeal).