

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00202-CV

IN RE CURTIS CHARLES
MATTHEWS

RELATOR

------------

### ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

----------

Relator Curtis Charles Matthews filed this petition for writ of habeas corpus after he was held in contempt for violating a "birthday provision" in his decree of divorce. That provision provides:

> Child's Birthday. If KELLY ANNE MATTHEWS is not otherwise entitled under this possession order to present possession of the child on the child's birthday, KELLY ANNE MATTHEWS shall have possession of the child beginning at 4:00 P.M. and ending at 7:00 P.M. on that day, provided that KELLY ANNE MATTHEWS picks up the child from CURTIS CHARLES MATTHEWS's residence and returns the child to that same place.

---

[1]See Tex. R. App. P. 47.4.

The fourteenth birthday of the child, A.C.M., occurred on October 16, 2010. Six months after A.C.M.'s fourteenth birthday, Real Party in Interest, Relator's ex-wife Kelly Matthews, filed a "Motion For Enforcement Of Decree Concerning Possession And Access." Kelly alleged that Relator had failed to comply with the birthday provision in their divorce decree on A.C.M.'s fourteenth birthday. Kelly alleged that she was not in possession of A.C.M. on October 16, 2010; that she went to Relator's residence to pick up A.C.M. on his birthday for her possession time per their divorce decree—that is for her three hours of possession from 4 p.m. to 7 p.m.; and that Relator and A.C.M. were not at Relator's residence. She further alleged,

> Kelly Matthews was not allowed to pick up the child [A.C.M.] at any time the weekend of his birthday. Curtis Matthews advised Kelly Matthews he wanted to take [A.C.M.] to a TCU football game on Saturday. In the spirit of cooperation, movant Kelly Matthews offered to take the child [A.C.M.] for her time period, on the Friday night or the Sunday night of his birthday weekend, but Curtis Matthews refused any access on the birthday weekend.

The trial court conducted an evidentiary hearing on Kelly's motion for enforcement. Kelly and Relator both testified.

Kelly testified that she had e-mailed Relator the week before A.C.M.'s birthday, stating that she wanted to visit with A.C.M. from 4:00 P.M. to 7:00 P.M. on his birthday per the divorce decree. Relator told her that she could pick up A.C.M. at 4:00 P.M. at the TCU football game where he would be celebrating his birthday with five of his best friends. Kelly declined because "[t]o pull [A.C.M.]

2

away from five of his friends where he wanted to see the TCU football game didn't seem fair to [A.C.M.]  It would have made quite the scene and been quite uncomfortable and that's not what this is about."  Kelly offered to pick up A.C.M. on Friday evening or Sunday evening, but Relator refused.  Despite the e-mails, Kelly went to Relator's house on October 16, 2010 at 4:00 P.M., and neither Relator nor A.C.M. were there.  Kelly further testified that Relator did not offer her other weekends in place of the birthday visit.  Kelly said that she had tried to "work it out with [Relator's] lawyer" but ended up filing a motion to enforce a half a year after A.C.M.'s birthday.

Relator testified that Kelly had never exercised birthday visits before A.C.M.'s fourteenth birthday in 2010.  He said that he had forgotten about the birthday provision in the divorce decree and had purchased twelve tickets in early September to the October 16 TCU football game after A.C.M. expressed interest in taking some of his friends to the game for his birthday.  Relator  explained that one of the tickets was for his mother, who was coming in from Indiana for that weekend.  Relator said that Kelly had contacted him about a week prior to A.C.M.'s birthday and had requested birthday visitation; Relator told her of his plans to take A.C.M. and his friends to the TCU football game at 1:00 P.M. but said that Kelly could come to the game at 4:00 P.M. to pick up A.C.M.  Relator testified that he offered Kelly a Wednesday provision and another weekend in lieu of her birthday visitation if she did not want to pick up A.C.M. at the game.  Relator said that he had refused Kelly's request for visitation on the Friday or the

3

Sunday night of A.C.M.'s birthday weekend because Relator's mother was visiting from Indiana.

After hearing the above testimony, Respondent sentenced Relator to 180 days' confinement in the Tarrant County Jail "for violation of the court's order" and ordered Relator to pay $1,300 in costs and attorney's fees. Respondent's contempt order dated May 20, 2011 contains the following finding:

> The Court finds [Curtis Matthews] has once again[2] failed to comply with the Agreed Final Decree of Divorce, signed by this court on 6/21/01. Specifically that on Saturday, October 16, 2010 Kelly Matthews went to the residence of Curtis Matthews to pick up the child [A.C.M.] on his birthday, for her possession time per the divorce decree, and was denied possession, not only for that day, but for the entire weekend of the child's birthday.
>
> The Court finds Kelly Matthews offered reasonable alternative possession but was refused by [] Curtis Charles Matthews.

Relator was booked into the Tarrant County Jail on work release on May 23, 2011. He filed this petition for writ of habeas corpus on June 7, 2011. After the petition was filed, this court ordered Relator released on a $1,000 bond pending the outcome of this original proceeding. *See* Tex. R. App. P. 52.8(b)(3). Kelly was given the opportunity to file a brief with this court, but she did not file one.

In his first point, Relator argues that the contempt order is void because it does not comply with statutory requirements. Specifically, Relator argues that

---

[2]On the record, Respondent mentioned that he had previously sentenced Relator to jail for violating court orders for failing to pay "support" and "medical."

the contempt order fails to include in concise language the provisions of the order for which enforcement was requested and fails to state the manner of his noncompliance.

Family code section 157.166 states,

(a) An enforcement order must include:

(1) In ordinary and concise language the provisions of the order for which enforcement was requested;

(2) The acts or omissions that are the subject of the order;

(3) The manner of the respondent's noncompliance; and

(4) The relief granted by the court.

(b) If the order imposes incarceration or a fine for criminal contempt, an enforcement order must contain findings identifying, setting out, or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when the respondent's failure to comply with the order was found to constitute criminal contempt.

Tex. Fam. Code Ann. § 157.166 (West 2008).

As set forth above, the contempt order does not set forth the birthday provision from the divorce decree, reference the page in the divorce decree where it is found, or refer to the birthday provision at all; it merely states that Relator failed to comply with the divorce decree. Moreover, the contempt order does not state how Relator violated any provision in the divorce decree; it states only that Kelly "was denied possession" but does not specify that she was denied possession by Relator. Furthermore, to the extent that the contempt order implies that Kelly "was denied possession" by the virtue of Relator's conduct, the

5

record does not support such conclusion. Both parties testified that Relator offered for Kelly to take possession of A.C.M. on his birthday at 4:00 P.M. at the TCU football game. Kelly did not testify that it would be a hardship for her to pick up A.C.M. from the game instead of Relator's house; she stated only that she did not want to pull A.C.M. away from his friends on his birthday or cause a scene. Because the contempt order fails to comply with section 157.166, it is void. *See id.*; *In re Biscamp*, No. 02-05-00151-CV, 2005 WL 1405819, at *1 (Tex. App.—Fort Worth June 14, 2005, orig. proceeding) (mem. op.) (holding trial court's contempt order void because it did not include, nor reference with any particularity, any of the items listed in section 157.166(a)(1)–(3) or (b)). We sustain Relator's first point.

In Relator's third point, he argues that the divorce decree's birthday provision is not specific enough to be enforceable by contempt because it does not give him notice of what duties and obligations are required of him and merely states that Kelly is awarded possession of the birthday child for three hours.

The order underlying a contempt judgment must set forth the terms of compliance in clear, specific, and unambiguous terms so that the person charged with obeying the order will readily know exactly what duties and obligations are imposed. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding); *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding); *In re Davis*, 305 S.W.3d 326, 331 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). The question of whether an order is enforceable by contempt

6

depends on whether the order is definite and certain, and the focus is on the wording of the judgment itself. *Ex parte Reese*, 701 S.W.2d 840, 841 (Tex. 1986) (orig. proceeding); *Davis*, 305 S.W.3d at 331. If the trial court's order requires inferences or conclusions about which reasonable persons might differ, it is insufficient to support a judgment of contempt. *Chambers*, 898 S.W.2d at 260; *Davis*, 305 S.W.3d at 331. Moreover, a person cannot be sentenced to confinement unless the underlying order unequivocally commands that person to perform a duty or obligation. *In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding) (citing *Ex parte Padron*, 565 S.W.2d 921, 921 (Tex. 1978) (orig. proceeding)).

An examination of provisions in judgments that courts have found not specific enough to be enforceable by contempt makes it clear that the birthday provision in Relator's divorce decree is not specific enough to be enforceable by contempt. *See Davis*, 305 S.W.3d at 331;[3] *Ex parte Allen*, 477 S.W.2d 297, 298

---

[3]The provision in *Davis* found to be not specific enough to be enforced by contempt was as follows:

> In the event that a child appears to be ill upon awakening on a regularly scheduled school day, [S.L.D.] is ORDERED to contact that child's primary care physician to obtain directions as to the child's care. [S.L.D.] is ORDERED to provide proper notice to [R.M.C.] within one hour of her contact with the child's physician, to include the physician's name, telephone number, and any instructions given by the physician related to the child's care. If a child's physician directs that the child remain home from school, this shall create a rebuttable presumption that the absence from school shall be excused.

(Tex. App.—Houston [14th Dist.] 1972, orig. proceeding);[4] *In re Pollard*, No. 05-06-00140-CV, 2006 WL 456980, at *1 (Tex. App.—Dallas Feb. 27, 2006, orig. proceeding) (mem. op. on reh'g).[5]   The birthday provision here does not command or order Relator to do anything; it does not order him to relinquish possession of A.C.M. at his residence.  *See Allen*, 477 S.W.2d at 298–99 (stating that "[t]he language of the court's judgment makes no provision whatever for

---

305 S.W.3d at 331.  The appellate court held the provision did not set specific parameters for symptoms of illness or provide a time parameter other than upon awakening and that therefore the provision was unenforceable by contempt*. Id.*

[4]The provision in *Allen* found to be not specific enough to be enforced by contempt was as follows:

> Movant shall take subject minor children for visitation on the 3rd day of August, 1971, instanter, and shall have the right to visit with said minor children until 4:00 o'clock P.M. on the 15th day of August, 1971.

477 S.W.2d at 297.  The appellate court held the provision made no provision for the return of the children and made no provision for any affirmative action on the part of father (the nonmovant) so that it was unenforceable by contempt.  *Id*.

[5]The provision in *Pollard* found to be not specific enough to be enforced by contempt was as follows:

> IT IS THEREFORE ORDERED that [R.M.P.] shall, within ten (10) days of the date of this order sign and deliver to counsel for the Executor a request for a pay-off of the federal tax liens against [R.M.P.]

2006 WL 456980, at *1.  The appellate court held the meaning of the term "pay-off" was not discernable and that, therefore, the provision was not specific enough to be enforced by contempt.  *Id.*

affirmative action on the part of the relator insofar [as] return of the children is concerned" and holding that "[t]he court's judgment relative to return is uncertain, ambiguous, unclear and calls for an inference or conclusion as to what, if any, obligation the father had in this respect").  The birthday provision of the judgment here makes no provision whatever for affirmative action on the part of Relator insofar as relinquishment of A.C.M. is concerned.  Could Relator leave fourteen-year-old A.C.M. at his residence alone for Kelly's pick up?  If so, Relator possessed no control over A.C.M.'s ability to leave the residence prior to Kelly's arrival.  Could Relator leave A.C.M. with a sitter for Kelly's pick-up?  If so, Relator possessed no control over the sitter's ability to leave the residence with A.C.M. prior to Kelly's arrival.  In short, the birthday provision's language relative to Relator's relinquishment of A.C.M. is uncertain, ambiguous, and unclear and calls for an inference or conclusion as to what, if any, obligation Relator had in this respect.  Because the birthday provision is ambiguous, it will not support the trial court's contempt order.  We sustain Relator's third point.[6]

---

[6]Based on our disposition of Relator's first and third points, we need not address his second point.  *See* Tex. R. App. P. 47.1 (stating that appellate court must hand down written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of appeal).

9

Having sustained Relator's first and third points, we grant Relator's requested habeas corpus relief, vacate the order of contempt and commitment, and order Relator discharged from the bond we previously ordered posted.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: July 7, 2011