# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00742-CV

## In re Donald Eugene Barrett

### ORIGINAL PROCEEDING FROM BLANCO COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Donald Eugene Barrett filed this petition for writ of habeas corpus after the trial court held him in contempt for failure to comply with temporary orders it had previously entered in the divorce proceedings between Donald and his wife, Hope Barrett.[1] *See* Tex. Gov't Code § 22.221(d). Specifically, the trial court found that Donald had violated its temporary orders regarding the couple's possessory rights to their children and, based on these violations, ordered Donald to serve jail time and pay a fine. *See* Tex. Fam. Code §§ 105.001(f), 157.001.

The primary issue in this original proceeding is whether the terms of the underlying temporary orders are definite and certain enough to be enforced by contempt. We hold that they are not. Donald also seeks relief from the trial court's modified temporary orders, which he asserts the trial court granted without proper notice. We are unable to grant relief on this issue because it is beyond our habeas corpus jurisdiction. We therefore grant the petition in part and dismiss it in part for lack of jurisdiction.

---

[1] Because the parties share the same last name, we refer to Donald and Hope by their first names for the sake of convenience. We also refer to Donald and Hope's three children by their initials to protect their identities.

# ANALYSIS

Upon the request of Donald and Hope, the trial court entered temporary orders in the parties' divorce proceeding concerning their rights and responsibilities. These temporary orders include a possession order relating to their three children, A.B., R.B., and I.B. The relevant portion of the temporary orders provides:

*Possession Order*

It is ORDERED that DONALD EUGENE BARRETT, shall have unsupervised visitation with the children every other weekend, beginning July 12, 2013, starting on Friday at 6:00 p.m. and ending on Sunday at 8:00 p.m. . . .

Mutual Agreement or Specified Terms of Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Possession Order.

Undesignated Periods of Possession

HOPE LIANNA BARRETT shall have the right of possession of the child[ren] at all other times not specifically designated in this Possession Order for DONALD EUGENE BARRETT.

Special Consideration Regarding [A.B.]

The parties are instructed that the eldest child, [A.B.] shall be permitted to spend additional time with his father, DONALD EUGENE BARRETT, if he so chooses. Accordingly, the parties are ordered to coordinate additional time for [A.B.] to spend with his father on occasion and within reason if the child evinces an interest in the additional time. IT IS ORDERED that [A.B.] may not spend possession time with DONALD EUGENE BARRETT on time designated to HOPE LIANNA BARRETT in this possession order without HOPE LIANNA BARRETT's knowledge.

2

Hope subsequently filed a motion to enforce the temporary possession order, claiming, among other things, that on several occasions Donald had exercised possession over the children beyond the time allowed.[2]  After a hearing in which both parties submitted evidence, the trial court granted Hope's motion and held Donald in contempt.

In its order of enforcement by contempt and suspension of commitment, the trial court found Donald guilty of seventeen separate violations of its temporary orders by retaining possession of all three children on a particular date (one violation for each of seventeen days) in violation of the possessory rights of Hope, including exercising possession of A.B. without Hope's knowledge.  The court ordered Donald to pay a fine of $100 per violation and to serve a day in jail for each violation. The trial court, however, suspended commitment on the condition that (1) Donald serve one day in jail beginning at 6:00 p.m. on Friday, November 8, 2013, and ending at 5:00 p.m. on Saturday, November 9, 2013, (2) Donald comply with the court's temporary orders through the conclusion of the parties' divorce suit, and (3) Donald pay $1,500 for Hope's attorneys' fees.  Donald then filed his petition for writ of habeas corpus in this Court, and we temporarily stayed the trial court's order.

An order of contempt is not an appealable order. *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1995).  However, a party may collaterally attack a contempt order through a habeas corpus proceeding. *See Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996) (orig. proceeding); *see also Doss v. Doss*, 521 S.W.2d 709, 711 (Tex. Civ. App.—Houston [14th Dist.] 1975, no writ) ("As a general principle, the only remedy for review of a contempt proceeding is by writ of habeas corpus.").  A reviewing court will issue a writ of habeas corpus if either the contempt order or the

---

[2] It is not necessary for our purposes in this opinion that we recount the factual details of the disputes between the parties relating to possession because our resolution of this proceeding hinges on a legal determination concerning the language of the possession order itself.

order underlying the contempt order is void. *See In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding).

In his first issue, Donald argues that the trial court's contempt order is void because the trial court's temporary orders regarding possession are too indefinite to be enforced by contempt. To be susceptible to an order of contempt, the person charged with obeying the underlying order must readily know exactly what duties and obligations are imposed based on clear, specific, and unambiguous terms. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding); *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding); *In re Davis*, 305 S.W.3d 326, 331 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). Whether an order is enforceable by contempt depends on whether the order is definite and certain, and the focus is on the wording of the order itself. *Ex parte Reese*, 701 S.W.2d 840, 841 (Tex. 1986) (orig. proceeding); *Davis*, 305 S.W.3d at 331. The underlying order must unequivocally command a person to perform a duty or obligation. *Coppock*, 277 S.W.3d at 418. The order cannot require inferences or conclusions about which reasonable persons might differ. *Chambers*, 898 S.W.2d at 260.

The language of the temporary order on possession in this case is impermissibly vague. The trial court's order makes no provision for what actions, if any, Donald is supposed to take relative to returning the children to Hope when Donald's possessory period ends and Hope's begins. The order merely states the start time and the end time for Donald's possession. Must he drive the children to Hope's home and deliver them to her personally? Is his delivery of the children to Hope's parents sufficient? Or, is he charged with merely making them available to Hope at the designated time? This ambiguity alone makes the trial court's order insufficiently specific to serve

4

as a basis for contempt. *See Ex parte Allen*, 477 S.W.2d 297, 298 (Tex. Civ. App.—Houston [14th Dist.] 1972, orig. proceeding) (holding possession order too vague for contempt when it gave no direction to father on actions required at end of possession time).

The ambiguity of the trial court's order, however, does not end there. The order makes special provision for possession of A.B., Donald and Hope's oldest child. The order allows A.B. to spend additional time with Donald if A.B. "so chooses." Under the order, A.B. is allowed to spend this additional time with Donald "on occasion and within reason" if he "evinces an interest" in doing so, but only with Hope's "knowledge." This portion of the trial court's order raises additional questions concerning Donald's duties with regard to A.B.'s possession. In what manner must A.B. "evince an interest" in spending more time with Donald? How often is "on occasion and within reason," and who gets to define those terms? And, whose duty is it to ensure that Hope has knowledge of A.B.'s wishes to spend additional time with his father? Each violation found by the trial court included a finding that Donald violated the temporary order on possession with regard to all three children and then also includes a separate finding that Donald exercised possession of A.B. for additional time without Hope's knowledge.

The trial court's temporary possession order is ambiguous and unclear with respect to Donald's obligations. Reasonable minds could differ with regard to what is required of Donald in relinquishing the children to Hope. Accordingly, the possession order is not sufficiently definite and clear to support the trial court's contempt order. We sustain Donald's first issue.[3]

---

[3] In his second issue, Donald asserts that, at the very least, he cannot be held in contempt for violations 9-17 of the trial court's order because those alleged violations occurred on dates after the date Hope filed her motion to enforce. Because we have held that the trial court's temporary orders regarding possession will not support the contempt order, we need not address this issue.

5

In his third issue, Donald challenges the trial court's subsequent modification of the temporary orders, changing his conservatorship status and granting him only supervised visitation. Donald asserts that the trial court improperly entered these modified temporary orders because Hope did not request such relief in a written motion and because he had no notice of the requested relief. On this ground, Donald requests that we declare the trial court's modified temporary orders void. In response, Hope argues that this Court lacks jurisdiction to review the modified temporary orders in this proceeding. We agree.

Texas courts of appeals have very limited jurisdiction over habeas corpus proceedings. *See* Tex. Gov't Code § 22.221(d). We may issue a writ of habeas corpus only "when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." *Id*. There is nothing in the record suggesting that the trial court's contempt order—which is the subject of this habeas corpus proceeding—resulted from a violation of the trial court's modified temporary orders.[4] As a result, review of the modified temporary orders is outside the scope of our habeas corpus jurisdiction.

---

[4] In its contempt order, the trial court found Donald "guilty of separate violations of the order signed on September 3, 2013." There are no findings suggesting that Donald had violated the modified temporary orders. In fact, the trial court did not even render the modified temporary orders until October 25, 2013, at the same hearing in which it considered Hope's motion for enforcement of possession and access. *See Ex parte DeLeon*, 972 S.W.2d 23, 25 (Tex. 1998) (orig. proceeding) (noting that phrase "previously made" in section 22.221(d) of government code refers to "the fact that a person can not be cited for contempt for violating an order only later issued").

## CONCLUSION

For these reasons, we grant Donald's petition for writ of habeas corpus in part and vacate the trial court's order of enforcement by contempt and suspension of commitment. Because we lack habeas corpus jurisdiction over Donald's petition with regard to his complaint concerning the modification of his conservatorship and visitation rights, we dismiss this portion of the petition for want of jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Puryear and Field

Filed:   December 23, 2013

7